## VAN METER v. SANFORD, Warden.
### No. 8918.

Circuit Court of Appeals, Fifth Circuit.

Oct. 31, 1938.

Edwin M. Van Meter, in pro. per.

Lawrence S. Camp, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and J. Ellis Mundy, Asst. U. S. Atty., all of Atlanta, Ga., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

SIBLEY, Circuit Judge.

Edwin M. Van Meter was convicted in the District of Columbia for an offense against the Code of the District and given an indeterminate sentence of not less than three nor more than seven years "in a penitentiary, as designated by the Attorney General". He was first committed to the Reformatory at Lorton, Va., then removed to Leavenworth, and finally to the United States Penitentiary at Atlanta. While confined at Atlanta he brought habeas corpus against the Warden, contending that he could not lawfully be imprisoned there for an offense against the District Code, especially after having been committed to the District Reformatory. On the hearing Van Meter was remanded to the custody of the Warden, and he appealed. Pending the appeal, his sentence through a good time allowance expired, and the United States Board of Parole ordered his release on parole for the remainder of the maximum sentence pursuant to the Act of June 29, 1932, 18 U.S.C.A. § 716b. On the argument before us the Warden contended that the case has become moot since he lost custody of Van Meter on Aug. 27, 1938, since which date Van Meter, under the terms of his release, has been resident in Washington, D. C., reporting to the Chief Probation Officer of the District of Maryland. These facts were admitted, Van Meter exhibiting and filing his release papers, but he contends that the case is not moot because he is still not a free man.

We are of opinion that the appeal must be dismissed because Van Meter is no longer in the custody or control of the Warden of the Penitentiary. Such control as is now exercised over him is exercised by wholly different persons, to-wit, the Board of Parole, of which the Warden is not a member, and the Probation Officer of the District of Maryland. The Warden since Van Meter's conditional release has had no custody of him, could not produce his body to answer the judgment of the court, and can exercise no control over him. A prisoner out on parole probably cannot maintain habeas corpus against anyone. No one has his body in custody, or could lawfully arrest him by virtue of his parole status so long as he observes its conditions. A mere moral restraint will not support habeas corpus. In Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L. Ed. 277, the writ was held unavailable to test the jurisdiction of a court martial where the applicant was not under physical restraint but had been ordered to consider himself under arrest and to confine himself to the limits of the City of Washington. Cited with approval was Dodge's Case, 6 Mart., O.S., La., 569, where the applicant by reason of a bond had the privilege of prison bounds and was not kept confined in jail. Habeas corpus was held not maintainable in Stallings v. Splain, 253 U.S. 339, 343, 40 S.Ct. 537, 539, 64 L.Ed. 940, where the applicant, under arrest for a criminal charge, had been released on bail. In Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497, the applicant had appealed his habeas corpus case, and pending

the appeal gave bail on the charge for which he was held. ·The court observed [page 241]: "Since the appeal, he has given bond in the district court, and has been released from arrest under the warrant issued on the indictment. He is no longer in the custody of the marshal to whom the writ is addressed, and from whose custody he seeks to be discharged. * * * The appeal must be dismissed." Accordingly we hold that Van Meter can no longer require the Warden to litigate with him about his liberty.

Appeal dismissed.