**James R. WHITING, Appellant,**

v.

**Charles P. CHEW, Director, Parole Board, Richmond, Virginia, Appellee.**

**No. 7975.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 2, 1959.

Decided Jan. 4, 1960.

James R. Whiting, pro se, on brief.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, and Thomas M. Miller, Asst. Atty. Gen., of Virginia, on brief) for appellee.

3. It will be noted that the judgment dismissing the action was in effect when this motion was presented.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

A prisoner in the Ohio State Penitentiary, James R. Whiting, filed a petition seeking a writ of habeas corpus in the United States District Court for the Eastern District of Virginia, naming Charles P. Chew, the Director of the Virginia Parole Board, as defendant. The District Court dismissed the petition, and Whiting appeals.

The allegations of the petition are meagre, and do not clearly disclose the grounds upon which the writ is sought. Amplifying the allegations by independent search of the records, the facts appear to be as follows. In 1938, the appellant was convicted in Virginia on two charges of attempted murder, and one of armed robbery, and given sentences totalling forty years. After serving twelve years, he was paroled in 1950, but in 1956 was again convicted of armed robbery, this time in the Court of Common Pleas of Cuyahoga County, Ohio. He is presently serving a prison sentence in Ohio for that offense. Upon learning from the Ohio authorities that Whiting had been convicted in that state, a member of the Virginia Parole Board filed a detainer against him on the ground that he had violated the conditions of his Virginia parole.

The appellant does not seek release from the Ohio prison, but he does seek, by his petition for a writ of habeas corpus, to cause the removal of the detainer lodged against him by the Virginia official in the hands of the Ohio authorities. As a basis for his contention that the detainer is unlawful, he alleges that the 1938 Virginia convictions were void because he (1) was denied counsel, (2) was never taken before an examining magistrate, and (3) was never advised "of his right to trial."

Without deeper consideration of his allegations, it is manifest that the petition states no ground upon which a writ of habeas corpus could be issued in the District Court, inasmuch as the petitioner is not being detained within the territorial jurisdiction of the court to which the petition is addressed. Section 2241(a) of 28 U.S.C.A., giving District Courts power to grant writs of habeas corpus "within their respective jurisdictions" has been interpreted by the Supreme Court as requiring the conclusion that a Federal District Court has no jurisdiction to issue the writ if the person detained is not within the territorial jurisdiction of the court when the petition is filed, Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. Moreover, it is fundamental that habeas corpus will not lie if the person seeking the writ is not in physical custody of the official to whom the writ is directed, Weber v. Squier, 1941, 315 U. S. 810, 62 S.Ct. 800, 86 L.Ed. 1209; Strand v. Schmittroth, 9 Cir., 1957, 251 F.2d 590, 602. The defendant, the Parole Director of Virginia, has neither actual nor constructive custody of the petitioner. Finally, the writ is not available to test the legality of detention threatened in the future, which is, at most, what the detainer here amounts to. See Crow v. United States, 9 Cir., 1950, 186 F.2d 704; Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed. 2d 407.

Even if we were to assume that Whiting is entitled to a remedy in the courts of Ohio, or in a state court of Virginia, to clear away the detainer, there is no ground for the intervention of the United States District Court for the Eastern District of Virginia upon the allegations made here. The order dismissing the petition is

Affirmed.