UNITED STATES of America ex rel. Frank CUTRONE, Relator-Appellant,

v.

Edward M. FAY, Warden, Green Haven State Prison, and the People of the State of New York, Respondents-Appellees.

No. 282, Docket 26555.

United States Court of Appeals Second Circuit.

Argued Feb. 20, 1961.

Decided April 28, 1961.

Thomas B. Moorhead, New York City, assigned counsel for relator-appellant.

John J. O'Grady, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., and Irving Galt, Asst. Sol. Gen., New York City, on the brief), for respondents-appellees.

Before HINCKS and MOORE, Circuit Judges, and BRENNAN, District Judge.*

BRENNAN, District Judge.

The appellant, a state court prisoner, makes an oblique attack, by way of an application for a writ of habeas corpus, upon his conviction of the crime of robbery in a state court of Northampton County, Pennsylvania, in 1945. This conviction was used with others as the basis for the imposition of increased punishment imposed upon his conviction in the County Court of Kings County on November 2, 1955. The application was made to the United States District Court for the Southern District of New York and was denied without a hearing. This is an appeal from such denial.

The petitioner was convicted on his plea of guilty in the United States District Court for the Eastern District of Pennsylvania on November 26, 1941 of some five violations of federal law arising out of the hijacking of a motor vehicle being used in the transportation of goods in interstate commerce. He was sentenced to be confined for a period of five years. Upon his release from confinement in 1945, he was arraigned in the Court of Oyer and Terminer for Northampton County, Pennsylvania upon an indictment arising out of the same acts for which he was sentenced in the federal court. This indictment charged him with robbery by armed force. He entered a plea of guilty and was sentenced to pay a fine and to stand committed until the fine was paid. He was discharged from confinement about one month later.

Upon appellant's conviction in Kings County, above referred to, of the crimes

* Sitting by designation.

of burglary in the third degree and possession of burglar's tools as a felony (N.Y.Penal Law, McKinney's Consol. Laws, c. 40, § 408), both federal and state Pennsylvania convictions, together with a prior New York State conviction, later vacated, were used in accordance with the provisions of New York State law (Penal Law §§ 1941, 1943) as the basis of his sentence as a multiple offender. Since the Pennsylvania convictions all arose out of the same background of facts, they were treated as one offense. N. Y. Penal Law, § 1941. The appellant was ultimately sentenced to be confined from five to ten years upon the burglary count and from three and one-half to seven years upon the count charging possession of burglar's tools as a second felony offender. N. Y. Penal Law, §§ 408, 1935, 1941. The sentences imposed as above were to run concurrently and appellant is detained under the resulting commitment.

In the instant petition, the appellant seeks to invalidate only the Pennsylvania state conviction. It is sufficient to say that he makes such a showing in the allegations of his petition as to warrant a hearing to determine whether such conviction was obtained in violation of his fundamental rights. The lower court denied the application upon the ground that even if the Pennsylvania state court conviction was held to be unavailable as the basis for increased punishment in New York, the appellant would still be a second felony offender by virtue of the federal convictions.

It is to be noted that while the appellant does not claim lack of due process in the matter of the federal court convictions, he asserts that the crimes, of which he stands convicted in the Pennsylvania federal court, would not be classed as felonies within the State of New York and are therefore not available as a basis for increased punishment.

The situation, as disclosed in the petition, may be summarized by stating that to obtain relief by way of resentence as a first offender, the appellant must establish tnat the Pennsylvania state court conviction was in violation of his fundamental rights and that the convictions in the Pennsylvania district court would not be classed as felonies within the State of New York. Failure in either application will make relief unavailable.

■ The requirement of the exhaustion of state court remedies by a state court prisoner as a basis for federal jurisdiction is recognized by statute (28 U.S.C. 2254) and numerous reported decisions. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; U. S. ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438; U. S. ex rel. Kozicky v. Fay, 2 Cir., 248 F.2d 520. No question is raised but that state court remedies are unavailable to the appellant in the matter of his attack upon the Pennsylvania state court conviction. New York State does however afford the appellant a remedy to determine the grade of the violations of law embraced in the Pennsylvania federal court convictions of 1941. People ex rel. Gold v. Jackson, 5 N.Y.2d 243, 183 N.Y.S.2d 799, 157 N.E.2d 169; People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335. The problem then becomes one of deciding whether an available state court remedy must first be exhausted before a writ of habeas corpus will issue from a federal court under circumstances where ultimate relief requires a favorable decision on the state court question. We hold that such remedy must be so exhausted.

It is no answer to urge that the state courts will not pass upon the question since their decision will not afford immediate relief. If an injustice has been done, the state courts can be relied upon to do their part in rectifying same. The remedy is available and they should be afforded the opportunity to pass upon the contentions advanced which are particularly within their province.

■ The argument advanced by the respondent that the application is premature has not been overlooked. It proceeds upon the assumption that the sentence of three and one-half to seven years for the possession of burglar's tools is not under attack and that the Pennsylvania convic-

tions were not used as a basis for the imposition thereof. It is therefore contended that the writ will not issue until the expiration of the maximum term imposed. We construe the petition as challenging the use of the Pennsylvania conviction in the imposing of the sentences on both counts of the indictment of which he was convicted in New York. That an information was filed at that time, charging the appellant of having been previously convicted of felonies in both the federal and state courts of Pennsylvania, is not disputed; in fact it is asserted in respondent's brief. The sentence imposed on the count in question is within the limits provided in Penal Law, § 1941 and it cannot be assumed that the sentencing court ignored the mandatory requirements of the section. It follows that the appellant was sentenced as a second felony offender upon both counts. This is a situation where a sentence, less than the time served, might be imposed. If the Pennsylvania convictions are invalidated for use in New York courts as a basis for increased punishment, then the appellant might be sentenced to a lesser term than that previously imposed. N. Y. Penal Law, §§ 408 and 2189. When such a situation is apparent, the application may not be considered as premature. U. S. ex rel. Smith v. Jackson, 2 Cir., 234 F.2d 742.

Since the argument of this appeal, we are advised that the appellant has been paroled from New York State confinement. The provisions of the N. Y. Correction Law, McKinney's Consol. Laws, c. 43, § 213, are such that while in a parole status, he is in the custody of the respondent and we therefore follow the decision in U. S. v. Brilliant, 2 Cir., 274 F.2d 618 and hold that this change in the nature of his confinement does not render this appeal moot.

The appellant's release from physical confinement however eliminates, at least to some extent, the urgency which requires that a United States District Court entertain, through the medium of a writ of habeas corpus, a contention advanced in a state court criminal matter. New York State parole authorities may well permit the appellant to enter the Pennsylvania state court while he is on parole status and there avail himself of Pennsylvania procedures to challenge the constitutional validity of the conviction had therein.

We are indebted to assigned counsel for his painstaking preparation and presentation of appellant's contention on this appeal.

The order is affirmed.