**John R. JONES, Appellant,**

v.

**W. K. CUNNINGHAM, Jr., Superintendent of Virginia State Penitentiary, Appellee.**

**No. 8356.**

United States Court of Appeals
Fourth Circuit.

Argued June 23, 1961.

Decided Sept. 14, 1961.

F. D. G. Ribble and Daniel J. Meador, Charlottesville, Va. (court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia (Frederick T. Gray, Atty. Gen., of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

HAYNSWORTH, Circuit Judge.

This petition for a writ of habeas corpus must be dismissed, for the prisoner is now at large on parole. He is no longer in the custody of the defendant, the Superintendent of the Virginia State Penitentiary, where he had been confined. While indirectly under their supervision, he is not in the physical custody of the members of the Virginia Parole Board, whom the petitioner would substitute as parties defendant, nor of any of their subordinates.

Jones, serving a sentence as a recidivist in Virginia sought his release by attacking one of the underlying convictions. The underlying conviction was imposed upon a plea of guilty, but Jones alleges that he was without the assistance of counsel and was not told of and did not know that he had any right to counsel.

After exhaustion of his state remedies, Jones sought a writ of habeas corpus in the District Court. On appeal from a denial of his petition there, we appointed distinguished counsel to represent him.[1] They have ably presented his contentions, (1) that there were special circumstances which made his conviction without the assistance of counsel fundamentally unfair within the rule of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, and (2) if the circumstances were not special, nevertheless, either Betts v. Brady, has been overruled by Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, or that this court should anticipate the possibility that the Supreme Court, given an appropriate occasion, will overrule Betts v. Brady.

In the meanwhile, Jones became eligible for parole. He signed a parole agreement which provided that he would reside with an uncle and aunt in LaFayette, Georgia, be employed by the uncle as a plumber and report promptly after his release to a Georgia Parole Supervisor at Chatsworth, Georgia.[2] He was then released. It is assumed that he then left Virginia and is now living and working in Georgia.

In the nature of things, the "Great Writ" of *habeas corpus ad sub-jiciendum* may issue only when the applicant is in the actual, physical custody of the person to whom the writ is directed.[3] The court may not order one to produce the body of another who is at liberty and whose arrest would be unlawful. The great purpose of the writ is to afford a means for speedily testing the legality of a present, physical detention of a person. It serves no other purpose.[4]

It was in recognition of the nature of the writ and its limitations that the Supreme Court held the writ unavailable to a Naval officer under orders to confine himself to the City of Washington[5] or to persons charged with crime, but at large on bail,[6] or to one confined in prison under a sentence other than the one he seeks to attack.[7] It thus appears that some restraint upon a person's liberty is not necessarily the equivalent of the physical detention which is a requisite of the writ.

The Supreme Court has considered a case identical to that before us. In Weber v. Squier, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209, a petition for a writ of certiorari by an applicant for habeas corpus was denied on the stated ground that the cause was moot, the petitioner having been paroled and being no longer in the warden's custody.

Our inquiry would end with Weber v. Squier were it not for the fact that the question, though never since precisely before the Supreme Court, has a subsequent history in that court which brings into focus the question presented by the motion before us to substitute as parties defendant the members of Virginia's Parole Board.

1. The Dean of the Law School of the University of Virginia and another member of the faculty of that school.

2. Supervision by parole officials of Georgia had been arranged under the provisions of the Uniform Act for Out-of-State Parolee Supervision.

3. See, generally, III Blackstone's Commentaries, 129, et seq. (1 Ed. 1768).

4. See Heflin v. United States, 358 U.S. 415, 421, 79 S.Ct. 451, 3 L.Ed.2d 407 (concurring opinion).

5. Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277.

6. Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497; Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940.

7. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407.

In Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393, the Supreme Court said that a proceeding under 28 U.S.C.A. § 2255 was not rendered moot by the expiration of the term of the sentence and the fact the petitioner, at the time of the hearing, was unconditionally at large. In saying so, it referred in summary fashion to the earlier cases of Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196, and United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, though in the proceedings involved in those cases there was no custody requirement.

Fiswick, an alien, sought to overturn his conviction by a direct appeal. It was that proceeding which came before the Supreme Court on certiorari. Meanwhile, he fully served his term and was released. It was held that the cause was not rendered moot because the conviction subjected him to deportation in the event the crime was found to be one involving moral turpitude.

Such proceedings on direct review of a conviction were never thought to involve the custody requirements of habeas corpus.

Morgan received in a state court a longer sentence than otherwise would have been imposed because of an earlier federal sentence which had been fully served. He sought a writ of *coram nobis* to review the federal court conviction. A majority of the court held that writ available under those circumstances. The decision in Morgan supports the conclusion that the custody requirement implicit in habeas corpus is not essential in coram nobis, but it does not suggest that the custody requirement may be disregarded in habeas corpus or in a proceeding under § 2255.

In Pollard, there was no reference to the custody requirement of § 2255 which, by its terms, is made available to a "prisoner in custody under sentence * * * claiming the right to be released * *." The brief reference to the Fiswick and Morgan cases suggests the court then thought a § 2255 proceeding comparable in these respects to direct review and coram nobis proceedings.

Of course if Pollard is authoritative, if a former federal prisoner whose term is fully served can obtain review of his conviction under § 2255, a parolee whose term has not yet expired is entitled to the same relief. The Court of Appeals for the Ninth Circuit, relying on Pollard, so held in two cases.[8] Indeed, that court allowed habeas corpus, for it recognized no difference in the custody requirement of habeas corpus and § 2255.

The Supreme Court then decided Heflin v. United States, 358 U.S. 415, 79 S. Ct. 451, 3 L.Ed.2d 407, in which it held the custody requirement of § 2255 comparable to that of habeas corpus. A prisoner serving the first of three consecutive sentences was held to be without standing to question, under § 2255, the legality of the third sentence which he had not then begun to serve. The Court followed its earlier decision in a habeas corpus case involving similar circumstances. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

The situation was clarified and Pollard laid to rest by Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963. Parker fully served the term of his Texas sentence while fruitlessly seeking in state and federal courts a hearing on his contention that the sentence was illegal. A majority of the court, per curiam, dismissed the habeas corpus case on the ground that Parker's release made it moot. It explained Pollard as having gone off upon an "unconsidered assumption" that § 2255 relief was available to one not in custody contrary to the later decision, after full consideration, in Heflin. It relied upon and followed Weber v. Squier.

In his dissenting opinion, the Chief Justice recognized that this case was indistinguishable from Pollard. He thought Pollard and Heflin reconcilable, and he sought to explain Weber v. Squier on the limited ground that the parolee

8. Dickson v. Castle, 9 Cir., 244 F.2d 665; Egan v. Teets, 9 Cir., 251 F.2d 571.

was no longer in the custody of the warden, the only official then before the court, leaving open the question of whether the parolee was still in the custody of some other official.

Clearly, however, the majority in Parker v. Ellis did not accept the minority's explanation of Weber v. Squier. The majority did not expressly overrule Pollard, though the two cases seem plainly inconsistent, for it thought Pollard already overruled by Heflin.

We, of course, must follow the majority in Parker v. Ellis. We accept Weber v. Squier, as it did, as meaning a parolee is not in such custody as is required for habeas corpus. We find nothing of substance left in Pollard in the light of the subsequent decisions in Heflin and Parker v. Ellis.

With the exception of the two cases in the Ninth Circuit following Pollard,[9] the Courts of Appeals have consistently held that a paroled state prisoner is not in such custody as to permit him to seek a writ of habeas corpus in the federal courts.[10] The Ninth Circuit, in the same year in which, relying upon Pollard, it decided Egan v. Teets,[11] emphatically held in a different context that one on parole is not in custody.[12] Seven of the Courts of Appeals have reached that conclusion. There is no dissenter among them. All agree that, if custody is a requirement of the writ, a state parolee cannot qualify.

Of particular importance in this case, involving a Virginia parolee, is the decision of this court in Whiting v. Chew, 4 Cir., 273 F.2d 885. There, a Virginia parolee, confined in Ohio, sought a writ of habeas corpus directed to the Director of the Virginia Parole Board for the purpose of removing a detainer filed by the Virginia Parole Board with Ohio prison officials. We held habeas corpus unavailable because the petitioner was not in the actual or constructive custody of Virginia's parole official.

We adhere to that decision. This petitioner, living with his uncle in Georgia and working there is not in such custody of Virginia's parole or prison officials as to support a writ of habeas corpus directed to them.

One subsidiary question remains to be mentioned.

■ It is contended that the petitioner is in the custody of Virginia's Parole Board because Virginia's statute says he is. Section 53–264 of Virginia's code provides that its prison official shall release "into the custody of the Parole Board" any prisoner subject to parole when ordered to do so by the Parole Board. It is not clear that this is not a procedural provision to obtain the prisoner's release from all custody, but for present purposes we may assume that Virginia would interpret it to be comparable to the provisions of 18 U.S.C.A. § 4203, applicable to Federal parolees.[13]

Addressing itself to a different problem, the Supreme Court said in Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 44, 68 L.Ed. 247:

"* * * The parole authorized by the statute does not suspend service or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden un-

---

9. See footnote 8, supra. In neither of those cases was it held that a parolee is in custody. In each, as in Pollard, the custody requirement was unmentioned.

10. United States ex rel. St. John v. Cummings, 2 Cir., 233 F.2d 187; Adams v. Hiatt, 3 Cir., 173 F.2d 896; Whiting v. Chew, 4 Cir., 273 F.2d 885; Van Meter v. Sanford, 5 Cir., 99 F.2d 511; Siercovich v. McDonald, 5 Cir., 193 F.2d 118; Factor v. Fox, 6 Cir., 175 F.2d 626;

Johnson v. Eckle, 6 Cir., 269 F.2d 836; Weber v. Hunter, 10 Cir., 137 F.2d 926.

11. See Footnote 8, supra.

12. Strand v. Schmittroth, 9 Cir., 251 F.2d 590.

13. 18 U.S.C.A. § 4203 provides that a federal parolee is "in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced."

til the expiration of the term, less allowance, if any, for good conduct. While this is an amelioration of punishment, it is in legal effect imprisonment."

Thereafter, Judge Learned Hand said in a dictum,[14] "it is conceivable" that a federal parolee might have a right to have his conviction reviewed by habeas corpus because the statute said he was in custody. One such parolee actually realized what Judge Hand thought conceivable. Because of the provisions of 18 U.S.C.A. § 4203, the Court of Appeals for the Second Circuit held that the proceeding to review the conviction of a federal prisoner did not become moot when he was paroled.[15]

Respectfully, we disagree. It is not the labels a statute attaches but the substantive relationships it creates which are of importance. Whether or not Virginia's statute provides a hypothetical custody of her Parole Board, the fact is that the petitioner is lawfully at large in Georgia. From time to time, he must report to a Georgia parole officer and he should not change his residence or his employment without the prior or subsequent approval of that officer. Otherwise, he is as free as any other citizen to do as he pleases and go where he pleases. His status is predominantly one of liberty. If he should commit a crime, his parole may be revoked, but any other citizen would be subject to arrest for the same offense. The overriding point is that Virginia's Parole Board cannot revoke his parole or compel his return to Virginia unless the parolee, himself, commits an act which would subject any citizen to arrest and confinement or ignores the other minimal terms of his parole.

Unquestionably, he is under some duty and restraint inapplicable to other citizens, but, as unquestionably, absent a violation of the terms of his parole, Virginia's Parole Board has neither the right nor the power to produce his body in the District Court for the Eastern District of Virginia. By his own volition, Jones could appear in the court in Virginia, and his consent is essential to the production of his body there.

To attach significance to a declaration of custody which, at best, is highly technical, hypothetical and insubstantial,[16] would prefer empty labels to a realistic appraisal of actualities. This we need not do. What formal declarations a state elects to incorporate in her statutes, if they do not affect substantive rights and relations, should not, and do not, control the availability of the writ of habeas corpus in the federal courts. If the declaration creates a technical custody, it is not the kind of custody which is an essential of habeas corpus.

Since the petitioner is no longer in custody, this habeas corpus proceeding is moot.

Appeal dismissed.

SOBELOFF, Chief Judge (concurring).

The assumption that on completing a prison sentence, or being paroled, a person has no further interest to contest his record of conviction is contrary to common experience. Society, as our everyday observation confirms, visits upon such persons its strong disfavor, often involving hardship not less severe than imprisonment itself. Where the conviction was obtained by due process these collateral consequences, though unfortunate, cannot be redressed by law. But where constitutional rights have been violated there should be standing to attack a conviction even though the crime has been "paid for." Particularly is this true where the necessary steps for relief—technical, complicated and challenging to the most astute lawyers—are

14. United States v. Bradford, 2 Cir., 194 F.2d 197, 200.

15. United States v. Brilliant, 2 Cir., 274 F.2d 618.

16. See Van Meter v. Sanford, 5 Cir., 99 F. 2d 511; Factor v. Fox, 6 Cir., 175 F.2d 626.

so time consuming that the prison term runs out before the process is completed.

The instant case, however, presents stronger grounds for allowing such attack than where "mere" social and economic prejudices will be brought to bear on an "ex-con." Here, not only is Jones still under some restriction, but he remains subject to recommitment to serve out his unexpired term in the event of parole violation, even if the breach is a minor one. This fact, it seems to me, makes our case logically indistinguishable on the issue of justiciability from Fiswick v. United States, 1946, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 and, on the issue of standing to maintain a collateral attack, from United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 and Pollard v. United States, 1957, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed. 2d 393.

In all fairness, the right to prosecute the appeal should not be lost in the instant case because, after unavoidably extended proceedings in state and federal courts, the prisoner's parole was announced to the court on the morning the appeal was scheduled for hearing. Because the time lag between initiation and final disposition of habeas corpus proceedings will so often make the remedy illusory, I would not be disposed to accept without question a state's right to bar the vindication of constitutional rights by granting a parole. One should not be made to bear the continuing burden of a constitutionally void conviction merely because, the period of actual confinement having ended, no remedy can undo the unjust commitment. This is no reason to withhold the benefit of the remedy's prospective operation.

It would be difficult to explain why the statutory fiction of constructive custody over a parolee may not be availed of to supply the custody made prerequisite by section 2254 or section 2255. Nevertheless, debate on this point seems to be foreclosed by the Supreme Court's recent decision in Parker v. Ellis, 1960, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, which held that a state prisoner's petition for habeas corpus became moot when his sentence expired. Although this is not a direct holding that a parolee is similarly without standing, we are bound to recognize that, despite intervening decisions, the per curiam opinion in Parker v. Ellis has restored the authority of Weber v. Squier, 1942, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209, which, as pointed out by Judge Haynsworth, is here controlling.

On this basis I concur in the dismissal of the appeal.