THE PEOPLE OF THE STATE OF NEW YORK ex rel. THEODORE KRILOFF, Relator, *v.* HENRY J. NOBLE, as Warden of New York City Correctional Institution for Men, et al., Respondents.

Supreme Court, Special Term, Bronx County, August 1, 1962.

*Lawrence R. Bailey (Bruce McM. Wright* of counsel), for relator. *Leo A. Larkin, Corporation Counsel (Rose Schneph* and *Joseph Halpern* of counsel), and *Milton Altschuler, Assistant District Attorney,* for respondents.

BERNARD NEWMAN, J. Relator brings this writ of habeas corpus to challenge the jurisdiction of the court which imposed sentence. Upon his plea of guilty to a misdemeanor — violation of the New York City Health Code — the relator was fined and sentenced to 25 days' imprisonment by a Magistrate sitting as

a Court of Special Sessions. Relator alleges that the Magistrate failed to comply with section 131 of the New York City Criminal Courts Act. Thereafter, relator filed a notice of appeal from the sentence with the Appellate Part of the Court of Special Sessions; obtained a certificate of reasonable doubt; and, based thereon, relator procured his release on bail after service of a short period of his sentence. Subsequently, relator determined that his appeal, though timely filed, had been taken to the wrong court; viz., inasmuch as he had been convicted of a misdemeanor, the appeal should have been taken, properly, to the Appellate Division. Now, relator claims, his time for filing an appeal has expired; *coram nobis* does not lie; and consequently, habeas corpus is his only available remedy to test the sentencing court's jurisdiction.

The courts of this State have long held that actual, physical restraint of the relator's liberty is necessary before a writ may issue, following consistently the rule laid down in *Matter of Lampert* (21 Hun 154, 157 [1880]) that ''mere moral restraint will not do.'' (Accord, *People ex rel. Smith* v. *Biggert,* 25 App. Div. 20; *People ex rel. Albert* v. *Pool,* 77 App. Div. 148; *People ex rel. Lutfey* v. *Byrne,* 247 App. Div. 797.) Distinction has been drawn between the case of one released in custody of another, such as his attorney, who has been held entitled to the writ (*People ex rel. Maher* v. *Potter,* 112 N. Y. S. 298) and one released on bail, such as relator, and instances presented in the cases above cited. (See, generally, *Mezzatesta* v. *Delaware,* 199 F. Supp. 494 [U. S. Dist. Ct., Del.], for a discussion of the holdings of Federal courts on this point.) There has been criticism of this rule (see 48 Va. Law Rev. 112, discussing the corollary rule, not as generally followed, that one on parole may not bring the writ) on the ground that such persons, as well as those on bail are under severe social, mental and economic restraints, and that a writ should issue in such instances. Nonetheless, the court is bound to follow the cited prior holdings of the appellate courts of this State.

Recently, it has been held under Federal law, that one on parole may bring the writ (*United States ex rel. Cutrone* v. *Fay,* 289 F. 2d 470 [C. A. 2d]; *United States* v. *Brilliant,* 274 F. 2d 618 [C. A. 2d], cert. denied 363 U. S. 806); and in the Ninth Circuit, that one unconditionally released from prison may similarly do so (*Dickson* v. *Castle,* 244 F. 2d 665). And very recently, the United States Supreme Court granted certiorari to review the decision in *Jones* v. *Cunningham* (294 F. 2d 608 [C. A. 4th], cert. granted 369 U. S. 809) that one on parole may not bring

such writ, and hence the United States Supreme Court may reconcile its earlier decisions in point. (Cf. *Pollard* v. *United States,* 352 U. S. 354, and *Weber* v. *Squier,* 315 U. S. 810, with *Heflin* v. *United States,* 358 U. S. 415; and *Parker* v. *Ellis,* 362 U. S. 574.) Perhaps, then, the Supreme Court's decision in the *Jones* case will clarify the definition of the requisite custody to which the relator must be subject in order to properly bring the writ.

Dismissal of the writ herein is not intended to preclude relator from utilizing such process again if an attempt to correct his erroneous choice of forum for his appeal fails (see Code Crim. Pro., § 524-a); or if he is remanded; or if subsequent developments in the law in this jurisdiction will so indicate. " The great purpose of the writ is to afford a means for speedily testing the legality of a present, physical detention of a person " *(Jones* v. *Cunningham,* 294 F. 2d 608, 609, *supra)* and no disservice is thus occasioned by dismissal of the writ herein.

The second point raised by relator need not be passed upon, at this time, in view of the above determination. Accordingly, the writ is dismissed.