**UNITED STATES of America ex rel. Warren J. PRIESTER, Relator,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York and the Department of Correction, Respondents.**

United States District Court
S. D. New York.

Nov. 20, 1963.

Warren J. Priester, Brooklyn, N. Y., pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, Vincent A. Marsicano, Asst. Atty. Gen., of counsel, for respondents.

WEINFELD, District Judge.

The petitioner, after serving a substantial portion of a sentence of seven and a half to twenty years, which was imposed following his conviction by a jury of assault in the first degree, assault in the second degree and violation of section 1897 of the New York State Penal Law, McKinney's Consol. Laws, seeks the vacatur of the judgment of conviction on the ground that it was the result of an "extorted confession." [1] The indictment charges centered about a shooting by the defendant of a com-

---

1. Just prior to the filing of the petition in this Court, the petitioner was conditionally released on parole. This circumstance, however, does not affect his right to attack the judgment of conviction allegedly entered in contravention

of his constitutional rights. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). See also, United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

plainant and arose out of an incident concerning payment for a ride in the defendant's car. There was no dispute that it was the defendant who shot the complainant. His plea was self defense.

The Court requested and reviewed the entire State file, which includes the transcript of the trial record, as well as various post conviction applications for relief. Despite the statement in the opposing affidavit "that this is one of the many applications which the petitioner has made in several years practically raising the same contention, * * *" the essential basis of his present claim was not previously presented to or considered by the State Courts, although in some respects the petitioner has repeated earlier alleged grounds of infirmity of the judgment. Up to the time the petitioner presented his application to this Court, and commencing less than a year after his sentence and extending over a period of twelve years thereafter, he filed in the State Courts not less than eight petitions for writ of error coram nobis, habeas corpus, or for resentencing. These ran the gamut of varied charges of denial of due process. Among other matters, petitioner charged that his constitutional rights had been violated because State witnesses conspired to testify falsely before the grand jury and thereafter perjured themselves upon the trial, all to the knowledge of the District Attorney; the complaining witness committed perjury with respect to his marital status; his trial counsel was incompetent and did not adequately represent him,

which the trial judge knew; additional sentence was imposed for being armed; the prosecution's summation was unfair and the trial minutes did not include the summations of the prosecution and the defense; and because, following defendant's admission in open court after sentencing that the gun used in the shooting had been obtained by him from his brother-in-law (contrary to his trial testimony), the Court did not afford him a further right of allocution when on its own initiative it reduced the sentence from a minimum of ten years to a minimum of seven and a half years. In none of these various petitions did the petitioner ever make his present contention, the substance of which is that he initialled the gun and made certain admissions, which were received in evidence upon the trial, under coercion practiced upon him by police officers while unlawfully detained in the period between his arrest and arraignment.

■■ Since the matter has not been previously presented to or passed upon by the State Courts, the petitioner should submit his current charge there. While the State Courts have not directly passed upon the right of a conditional parolee to test a conviction challenged as void by reason of his Federally protected right to due process, the restraints imposed upon such a parolee would, under the trend of existing authority, permit the maintenance of a coram nobis or a writ of habeas corpus proceeding.[2]

The petition is dismissed.

2. Although a petition for habeas corpus cannot be brought in New York by a person on bail pending appeal, People ex rel. Kriloff v. Noble, 35 Misc.2d 651, 230 N.Y.S.2d 878 (1962), one who is committed to the custody of his attorney may petition for habeas corpus because the "slightest restraint is sufficient to warrant the issuing of the writ." People ex rel. Maher v. Potter, 112 N.Y.S. 298, 300 (1907). A parolee is subject to restraint, see, e. g., Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); and, moreover, is "in the legal custody of the warden of the prison from which he is paroled * * *." N.Y. Correction Law, McKinney's Consol. Law § 213 (1963).