**Eli DE PAUNTO, alias R. E. Lipscomb, Petitioner-Appellant,**

v.

**PEOPLE OF the STATE OF MICHIGAN et al., Respondents-Appellees.**

No. 15841.

United States Court of Appeals
Sixth Circuit.

May 21, 1964.

Robert E. Lipscomb, in pro. per.

Frank J. Kelley, Atty. Gen. of Michigan, Robert Weinbaum, Asst. Atty. Gen., Lansing, Mich., for appellees.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

In a previous order, upon a motion by appellees, this Court dismissed the appeal in the above-entitled case. Appellant has now filed a petition for rehearing.

In disposing of the petition for rehearing, we find it necessary to state some of the background facts. After serving part of a sentence for armed robbery in the state of Michigan, appellant was paroled. In 1950, while on parole, he was charged with a new crime in Wayne County, Michigan, and as a result was declared a parole violator. While being held on these charges, appellant escaped.

In 1951 appellant was arrested in St. Louis, Missouri, and subsequently pleaded guilty in the United States District Court to five counts of violating the federal counterfeiting law and was sentenced to five years on each count, to run consecutively. He was confined in the United States Prison at Leavenworth, Kansas, where a Michigan parole violator detainer was placed against him. Later he was transferred to Alcatraz, California, and upon the closing of that prison was transferred by federal authorities

to the State Prison of Southern Michigan on March 21, 1963.

While confined in the state prison, appellant filed a petition for a writ of habeas corpus against state officials. This is the present case No. 15,841. Before the scheduled hearing could be held, Michigan authorities paroled appellant into the custody of federal authorities and he was confined in the Federal Correctional Institution at Milan, Michigan. Appellant then filed a habeas corpus petition against federal authorities. This is case No. 15,842.

After a lengthy hearing, District Judge Fred W. Kaess dismissed as moot the petition against state authorities in case No. 15,841, and denied the petition in case No. 15,842. Thereafter the District Judge granted appellant leave to appeal *in forma pauperis,* entered a certificate of probable cause, and directed that appellant be furnished a transcript at government expense.

In our previous order we dismissed the appeal in No. 15,841 on the ground that appellant "no longer is in the custody of state officials". Case No. 15,842 is set for hearing on appeal.

In this petition for rehearing appellant contends that one on parole is still "in custody", and therefore he, having been paroled by state officials, is still in state custody. Appellant relies on Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, wherein the Supreme Court held that a prisoner on parole is sufficiently restrained of his liberty to be "in custody" within the meaning of the federal habeas corpus statute, 28 U.S.C. § 2241.

The situation here, however, is different than that which existed in Jones v. Cunningham, supra. There the prisoner was released on parole from a Virginia state prison "into the custody of the Parole Board." The Court held that the restrictions of the Board restrained the prisoner's liberty to such an extent that he could test that restraint by habeas corpus. The Court noted, however, that the prisoner could not name as respondent the superintendent of the prison as he no longer had custody, but could name the parole board, into the custody of whom he had been delivered.

In the instant case, the Michigan authorities paroled appellant not into the custody of the state parole board, but into the custody of federal authorities, and he is now confined in a federal prison. It is clear, then, that appellant is being restrained of his liberty by, and is in the custody of, federal authorities. This restraint is being tested in this Court in case No. 15,842. Neither the parole board nor any other state agency is imposing any restrictions on appellant. Since appellant is not in state custody, habeas corpus directed against state officials will not lie, and the appeal in case No. 15,841 was properly dismissed. See United States v. Dumeur, 214 F.Supp. 293 (S.D.N.Y.).

It is therefore ordered that the petition for rehearing be, and the same hereby is, denied.