**UNITED STATES of America ex rel. Robert McGOWAN, Petitioner,**

v.

**NEW YORK STATE DIVISION OF PAROLE, Respondent.**

United States District Court
S. D. New York.
March 25, 1965.

Frances Kahn, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., of State of New York, for respondent, Joel Lewittes, Asst. Atty. Gen., of State of New York, of counsel.

WYATT, District Judge.

This petitioner (sometimes for convenience "McGowan") for a writ of habeas corpus (28 U.S.C. § 2241) is presently serving on parole a New York State sentence of from twenty-five years to life imposed on June 7, 1945 by the then Kings County Court (Goldstein, J.) upon a conviction after a trial by jury, of murder in the second degree (Penal Law, McKinney's Consol.Laws, c. 40, § 1046). On December 23, 1963 McGowan was released on parole from Clinton Prison, Dannemora, Clinton County, New York.

The named respondent—"New York State Division of Parole", whose address is given as "11 Gold Street, New York, N. Y."—is part of the Executive Department of New York. Executive Law, McKinney's Consol.Laws, c. 18, §§ 240, 241. The head of the division of parole is the Parole Board, consisting of ten members and the principal office of which is in Albany; the Parole Board may have branch offices. Executive Law, §§ 240, 241. Apparently there is a branch office of the Board at 11 Gold Street (another address for the same location being 75 Maiden Lane) in the Borough of Manhattan, City of New York.

This petition was filed in this Court on October 23, 1964. It does not appear whether at the time the petition was filed McGowan was physically present in this District or not. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948).

The petition claims (1) that petitioner had never been notified by his counsel that a notice of appeal from his conviction was filed but subsequently dismissed for lack of prosecution; (2) that incriminating statements were elicited from the petitioner after a series of police beatings; (3) that petitioner was not warned by the police officers of his right to remain silent; and (4) that petitioner was coerced into incriminating himself when he was compelled to sign an inculpatory statement prepared by the police officers.

This petition may not be considered on the merits because the Court has no jurisdiction to grant it.

"Writs of habeas corpus may be granted by * * * the district courts * * * within their respective jurisdictions" (28 U.S.C. § 2241(a)). "The writ of habeas corpus shall not extend to a prisoner unless * * * [h]e is in custody in violation of the Constitution * * * of the United States." (28 U.S.C. § 2241(c)(3)). "Application for a writ of habeas corpus shall * * * name * * * the person who has custody over him * *." (28 U.S.C. § 2242). "The writ * * * shall be directed to the person having custody of the person detained." (28 U.S.C. § 2243).

■■■■ There is no doubt that a state prisoner who has been placed on parole is in "custody" as that word is used in the provisions quoted above; a District Court in the proper district has jurisdiction to grant a petition by a parolee for a writ of habeas corpus. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963).

The question is: *who* has custody of this parolee?

In Jones, above, the application for a writ of habeas corpus was filed while the petitioner was incarcerated in the Virginia State Penitentiary; the only named respondent was the Superintendent of the Penitentiary. The District Court for the Eastern District of Virginia dismissed the petition. While the appeal was pending in the Court of Appeals for the Fourth Circuit, the petitioner was paroled by the Virginia Parole Board. The respondent Superintendent thereupon asked the Court of Appeals to dismiss the petition as moot. Petitioner opposed this motion and at the same time moved to add the members of the Virginia Parole Board as respondents. The Court of Appeals denied the motion to add the Parole Board and dismissed the petition as moot on the ground that the petitioner was not in physical custody. The Supreme Court held that this was error and that a parolee is in " 'custody' * * * within the meaning of the habeas corpus statute". (371 U.S. at 243, 83 S.Ct. at 377). In so holding, the Court noted the provision of the Virginia statute (Va.

Code Ann. § 53–264) which declares that a paroled prisoner shall be released "into the custody of the Parole Board." (371 U.S. at 241, 83 S.Ct. at 376)

■■ In New York, however, the Parole Board does not itself have custody of a parolee. Under the New York parole statutes (N.Y. Correction Law, McKinney's Consol.Laws, c. 43, art. 8), the division of parole of the executive department has the duty of "supervising" all prisoners released on parole (Correction Law, § 210); the parole officer has "charge" of the paroled prisoner (Correction Law, § 216); the board of parole (within the division of parole) has "jurisdiction" over those prisoners eligible for parole (Correction Law, § 212). But it is the warden of the prison from which he is paroled who has "legal custody" of the paroled prisoner:

"If the board of parole shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and inclosure upon such terms and conditions as the board shall prescribe, *but to remain while thus on parole in the legal custody of the warden* of the prison from which he is paroled, until the expiration of the maximum term specified in his sentence." (Correction Law, § 213) (emphasis added)

See United States ex rel. Priester v. Fay, 223 F.Supp. 629, 630 n. 2 (S.D.N.Y. 1963).

In United States ex rel. Sadness v. Wilkins, 312 F.2d 559 (2d Cir.) cert. denied 374 U.S. 849, 83 S.Ct. 1910, 10 L.Ed.2d 1069 (1963), a prisoner in a New York State prison had petitioned the United States District Court for the Western District of New York for a writ of habeas corpus seeking release from the custody of the warden—the only named respondent. The writ was sustained by the District Court. While an appeal by the State was pending, the petitioner was released on parole. In holding that petitioner's parole status did not render the appeal moot, our Court of Appeals recognized that "custody" of the parolee

was in the warden of the prison from which he was released:

> "Because under New York law a prisoner released on parole remains 'in the legal custody of the warden of the prison from which he is paroled, until the expiration of the maximum term specified in his sentence,' N.Y. Correction Law * * * § 213, there is no necessity to add or substitute members of the Parole Board as parties, as apparently there was in Jones v. Cunningham because of the particular terms of the Virginia parole statute there involved." (312 F.2d at 560 n. 1)

New York may be said to be a "custody theory" jurisdiction. See Note, Parole: A Critique of its Legal Foundations and Conditions, 38 N.Y.U.L.Rev. 702, especially 711–20 (1963).

■ A United States District Court may not issue a writ of habeas corpus unless the person who has custody of the petitioner is within the reach of its process. Ex parte Endo, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944); United States ex rel. Keefe v. Dulles, 94 U.S.App.D.C. 381, 222 F.2d 390, 392 (1954), cert. denied, 348 U.S. 952, 75 S.Ct. 440, 99 L.Ed. 743 (1955). The person who has custody of this petitioner is the Warden of Clinton Prison which is in Clinton County and in the Northern District of New York. This Court is accordingly without jurisdiction to grant or to entertain the present petition. The District Court for the Northern District of New York has jurisdiction over the Warden of Clinton Prison and therefore jurisdiction to entertain and to grant a petition by this parolee. The "New York State Division of Parole" would not appear to be a proper respondent in any event.

■

In the case of an incarcerated prisoner petitioner, the Supreme Court has held that the petitioner must be physically within the territorial jurisdiction of the District Court at the time the petition is filed; otherwise there is no jurisdiction of the petition in the Court. Ahrens v. Clark, supra. The application of this principle to a petitioner on parole is not clear. Cf. Jones v. Cunningham, supra, 371 U.S. at 243, 83 S.Ct. 373.

■ This petitioner McGowan, if he should decide to file his petition in the Northern District Court, may wish to consider whether as a matter of. caution he should be physically within the Northern District at the time his petition is filed and should so allege in his petition. If after filing the petition, he should leave the Northern District the basis of jurisdiction is not affected because an appropriate respondent having custody of him, the Warden of Clinton Prison, is in the Northern District. Ex parte Endo, supra, 323 U.S. at 304–307, 65 S.Ct. 208.

The conclusion here reached may be inconvenient to petitioner; sending him to the Northern District Court will (if he goes there) place another burden on that Court, which already has the highest number of petitions for writs of habeas corpus of any District Court in this Circuit. Dir.Admin.Off.U.S.Courts Ann.Rep.1964, Table C3 (Private Cases).

■ The question of jurisdiction here present may not be waived nor may this Court weigh policy considerations in determining its power to act. Ahrens v. Clark, supra, 335 U.S. at 192–193, 68 S. Ct. 1443.

This petition must be and is denied without prejudice to the filing of a petition in the United States District Court for the Northern District of New York.

So ordered.