**Lloyd Roger GILLAND, Petitioner,**

v.

**UNITED STATES of America et al.,
Respondents.**

**Civ. A. No. 2191.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Feb. 28, 1968.

See also D.C., 297 F.Supp. 245.

Lloyd Roger Gilland, pro se.

J. H. Reddy, U. S. Atty., Knoxville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Conceding therein that he is presently in the custody of authorities of the state of Tennessee pursuant to a judgment of a court of Carter County, Tennessee, 28 U.S.C. § 2254, the petitioner Lloyd Roger Gilland lodged with the clerk of this Court a *pro se* petition for the federal writ of habeas corpus on February 2, 1968, together with, *inter alia*, his application, supported by an appropriate affidavit, 28 U.S.C. § 1915(a), to be permitted to proceed herein in forma pauperis. The petitioner complains that he is being compelled to serve the aforesaid sentence of incarceration before serving prior consecutive sentences in criminal actions nos. 6877 and 6902, this District and Division, and that federal authorities have placed a detainer against him with state authorities in the latter connection.

 The writ of habeas corpus is not available to test the legality of a detention threatened in the future, such as a detainer filed by another jurisdiction with a state which is holding a prisoner. Cf. Whiting v. Chew, C.A. 4th (1960), 273 F.2d 885, 886[5], certiorari denied (1960), 362 U.S. 956, 80 S.Ct. 872, 4 L.Ed.2d 873. It is unavailable to attack a sentence which the petitioner is not now serving and which cannot result in his immediate release. Scarponi v. United States, C.A. 10th (1963), 313 F.2d 950, 952[2], citing, *inter alia*, Hill v. United States (1962), 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417, 420, cited in Richmond v. United States, miscellaneous docket no. 16, this District, Winchester Division; *accord*: Crow v. United States, C.A. 9th (1950), 186 F.2d 704, 706[3].

 Involving as it does consecutive sentences of this Court which the petitioner has not yet begun to serve, this petition is premature, Turner v. State of Maryland, C.A. 4th (1962), 303 F.2d 507, 511[11], and must be dismissed. The clerk will file the petition herein without prepayment of fees or costs or the giving of security therefor. Thereafter, this petition hereby stands

Dismissed.