**Lloyd Roger GILLAND, Petitioner,**

v.

**UNITED STATES of America et al., Respondents.**

**No. 2266.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Sept. 4, 1968.

Lloyd Roger Gilland, pro se.

J. H. Reddy, U. S. Atty., Knoxville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This Court heretofore has denied an application by this petitioner for the federal writ of habeas corpus, on the ground that he was not in custody under the sentence of this Court while serving a sentence imposed by a state court. Memorandum opinion and order of February 28, 1968 in Gilland v. United States, D.C., 297 F.Supp. 244, this District and Division. Within 90 days therefrom, the Supreme Court overruled earlier precedents and held that a prisoner serving consecutive sentences is " * * * in custody * * * ", as those words are intended in 28 U.S.C. § 2241(c) (3), under any sentence he is serving or under sentence to serve. Peyton v. Rowe (1968), 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, 433, 435[6].

Mr. Gilland now presents another application for such writ and has attached thereto his affidavit in which he states he is unable to prepay the fees and costs of this proceeding. He does not further state, as required by 28 U.S.C. § 1915(a), that he is unable to give security in lieu of such prepayment or his belief that he is entitled to redress. However, as Mr. Gilland is entitled to further consideration of his aforementioned earlier application in the light of the reinterpretation of the applicable decisional law, he hereby is authorized to commence and prosecute this proceeding without prepayment of fees or costs or the giving of security therefor.

The grounds for the petitioner's original application amount to a claim that he is in custody in violation of his Constitutional rights, in that he was brought into this Court from state custody to answer federal criminal charges, and, after being sentenced in this Court on the federal charges, was redelivered to the custody of state authorities, to answer state criminal charges before commencing to serve the federal sentence. Cf. Schultz v. United States, C.A.5th (1967), 384 F.2d 374, 375 [1, 2].

Schultz, supra, is not authority for that position. There, Mr. Schultz was being required to serve two consecutive federal sentences imposed by two different federal courts. The imposition of the second sentence to run consecutively to the first sentence imposed amounted to an unlawful increase of the first, after Mr. Schultz had begun to serve it. Here, however, Mr. Gilland had not begun the service of his state sentence when the federal sentence was imposed. His contention in this regard, therefore, lacks merit. United States v. Kanton, C.A.7th (1966), 362 F.2d 178, 179–180, certiorari denied (1967), 386 U.S. 986, 87 S.Ct. 1298, 18 L.Ed.2d 239.

In his instant application, Mr. Gilland claims also that his guilty pleas to the federal charges were involuntary, being induced by the failure of his court-appointed counsel to explain to him the effect of his presence in this Court under the writ of habeas corpus ad prosequendum. In his petitions to be allowed to enter pleas of guilty in criminal actions nos. 6877 and 6902, this District and Division, Mr. Gilland rejected all claims of innocence. In subsequent allocution before the Court, Mr. Gilland stated that he understood fully what the Government claimed he had done that had violated the law in each instance and that he understood fully the consequences of his pleas of guilty in so far as the maximum punishment possible as penalties therefor were concerned. He gave this Court every indication that his pleas of guilty

were voluntarily entered, because he violated the law and not because of any inspiring inducement.

█ The process by which Mr. Gilland was "borrowed" from the custody of state authorities for purposes of prosecution in this Court could have no effect on the pleas entered by Mr. Gilland. His presence before this Court in the afore-numbered criminal actions would have been the same in so far as arraignment, trial and judgment would have been concerned, whether he had been brought into this Court by the method utilized or some other method. Thus, Mr. Gilland's claim of involuntariness of his guilty pleas is not supported in the least by his present contentions. The records in the afore-numbered cases conclusively and expressly belie these claims by Mr. Gilland, and there is no reason for his being granted an evidentiary hearing. Olive v. United States, C.A.6th (1964), 327 F.2d 646, citing Machibroda v. United States (1962), 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, esp. 368 U.S. at 495, 82 S.Ct. at 514, 7 L.Ed.2d at 479.

It results that the petitioner's application lodged with the clerk on August 28, 1968 must be, and it hereby is,

Dismissed.