UNITED STATES of America ex rel.
Benjamin BROWN, Petitioner,

v.

NEW YORK STATE BOARD OF
PAROLE et al., Respondents.

No. 69-C-151.

United States District Court
E. D. New York.

July 2, 1969.

Benjamin Brown, pro se.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Benjamin Brown, the petitioner, was sentenced on August 14, 1961, to 2½ to 5 years by the Supreme Court, Kings County, and on December 13, 1961 to 5 to 10 years by the Supreme Court, Queens County, the sentences to run consecutively. In 1962 the New Jersey State court imposed a three-year sentence upon the petitioner so that upon parole under the New York sentence on March 12, 1968, he was promptly incarcerated at the Rahway State Prison, Rahway, New Jersey, pursuant to a New Jersey commitment warrant. The petitioner now seeks a writ of *habeas corpus* challenging the validity of the sentence imposed by the Supreme Court, Kings County, on August 14, 1961, which, if successful, it is assumed will somehow affect the Queens County sentence. Without examining the merits of the challenge, the important question which first confronts the Court is whether it has jurisdiction under the circumstances to entertain the petition.

The precise question posed has not been decided although sufficient guidelines appear from the authorities to suggest the proper resolution. The power of the Federal district courts to issue a writ of *habeas corpus* is derived from Section 2241(a), 28 U.S.C.A., which specifically provides that a writ may be granted by "the district courts and any

circuit judge within their respective jurisdictions." This phraseology has been construed by the Supreme Court in Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) and other subsequent authorities (see Rudick v. Laird, 412 F.2d 16, (2d Cir. 1969); United States ex rel. Smith v. Warden of Philadelphia County Prison, 181 F.2d 847 (3d Cir.1950); Ashley v. State of Washington, 394 F.2d 125 (9th Cir.1968); Booker v. State of Arkansas, 380 F.2d 240 (8th Cir.1967); Duncan v. State of Maine, 295 F.2d 528 (1st Cir.1961), cert. denied, 368 U.S. 998, 82 S.Ct. 624, 7 L.Ed.2d 536 (1962) ) to mean that the district court is without jurisdiction to issue a writ if a person is not detained within its territorial jurisdiction. "Thus the view that the jurisdiction of the District Court to issue the writ in cases such as this is restricted to those petitioners who are confined or detained within the territorial jurisdiction of the court is supported by the language of the statute, by consideration of policy, and by the legislative history of the enactment." (Ahrens v. Clark, *supra*, 335 U.S. p. 192, 68 S.Ct. p. 1445). In 1966 Section 2241 was amended by the addition of subparagraph (d), reading in part as follows:

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a *State court of a State which contains two or more Federal judicial districts,* the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." (Emphasis supplied.)

 Petitioner claims this Court has jurisdiction upon two grounds, (1) Section 2241(d), and (2) detention within the State of New York. The actual phraseology of Section 2241(d) obviously refers to district courts within the

borders of the same State and the purpose of the amendment confirms this. The legislation was recommended by the Judicial Conference of the United States and the Department of Justice to more equally and fairly distribute the burdens of *habeas corpus* proceedings between two districts within the same State, so that the district where the State court sentenced the prisoner as well as the district court within which the prisoner was incarcerated would have jurisdiction to hear the petition. (See S.Rep. No. 1502, 89th Cong., 2d Sess., 2 U.S.Code Congressional and Administrative News, p. 2968, 1966). The amendment did not extend the jurisdiction of any district court beyond the territorial jurisdiction of the State in which it was located and hence did not provide the Court with the necessary jurisdiction to entertain this petition.

 But the petitioner argues that while he was released on parole by the warden of the New York State prison, he was nevertheless within the custody and detained by that warden. Although a parolee is permitted outside of the prison walls, he remains subject to the custody of the warden of the prison from which he has been paroled (Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) ) and can attack his conviction in a *habeas corpus* proceeding. This is not physical custody but constructive custody inasmuch as the parolee is capable of free action and movement not in violation of the terms of his parole. Here there is no question of constructive custody yielding to the reality of physical custody. Actually, the New York authorities paroled the petitioner into the custody of the New Jersey authorities and there is no appropriate respondent within the jurisdiction of this Court having custody of the petitioner. Since the petitioner is not detained within the territorial jurisdiction of the Court, *habeas corpus* proceedings will not lie. See DePaunto v. Michigan, 332 F.2d 396 (6th Cir.1964), cert. denied, 379 U.S. 860, 85 S.Ct. 118, 13 L. Ed.2d 63 (1964), reh. denied, 379 U.S.

917, 85 S.Ct. 265, 13 L.Ed.2d 189 (1964); United States ex rel. McGowan v. New York State Division of Parole, 239 F.Supp. 622 (S.D.N.Y.1965).

An analogous question was posed in United States ex rel. Van Scoten v. Pennsylvania, 404 F.2d 767 (3d Cir. 1968), decided after the enactment of the 1966 amendment, where a prisoner, who was serving a sentence in a New Jersey State prison imposed by a New Jersey State court, filed a petition in the District Court of Pennsylvania for a writ of *habeas corpus* challenging the sentence imposed by a Pennsylvania State court, the service of which was to commence upon the completion of his New Jersey imprisonment. The Court held that under the *Ahrens* doctrine the District Court of Pennsylvania had no jurisdiction to entertain the application for a writ, relying upon Whiting v. Chew, Director, Parole Board, Richmond, Virginia, 273 F.2d 885 (4th Cir. 1960), cert. denied 362 U.S. 956, 80 S.Ct. 872, 4 L.Ed.2d 873 (1960).

Accordingly, the petition is dismissed without prejudice to petitioner's right to make an application to the proper Federal court. This is an order.