**UNITED STATES of America,**
Appellee,

v.

Claimant (Central Magazine Sales, Ltd.) of 392 COPIES OF a MAGAZINE ENTITLED "EXCLUSIVE," 3600 copies of a magazine entitled "Revue International," Vol. 6, and 1000 copies of a magazine entitled "International Nudist Sun," Vol. 16, Appellant.

No. 10600.

United States Court of Appeals
Fourth Circuit.

Argued June 20, 1966.

Decided Feb. 16, 1967.

Herald Price Fahringer, Buffalo, N. Y. (Robert Eugene Smith, Baltimore, Md., on brief), for appellant.

Fred Kelly Grant, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., and Arthur G. Murphy, First Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

HAYNSWORTH, Chief Judge:

The question for decision is the propriety of the seizure and destruction, under a judicial decree, of magazines containing collections of pictures of undressed men and women. The claimant, which sought to import the magazines into this country, has appealed, contesting the constitutionality of the governing statute, 19 U.S.C.A. § 1305, and the finding of obscenity. We affirm.

On February 3, 1966, 3600 copies of *Revue International*, Vol. 6, were landed in Baltimore from Denmark. On the same day 1000 copies of *International Nudist Sun*, Vol. 16, were landed in the same port. Five days later, on February 8, 1966, 392 copies of *Exclusive* were landed in Baltimore, again from Denmark. All were consigned to customhouse brokers on behalf of Central Magazine Sales, Ltd., the claimant.

On February 14, 1966, eleven days after the arrival of *Revue International* and *International Nudist Sun* and six days after the arrival of *Exclusive*, all three magazines were referred by Customs to the United States Attorney for the District of Maryland. Libels were filed on February 17, 1966. The cases were tried on March 9th and 10th, and finally decided on April 4, 1966. While the District Court's opinion was in preparation, the Supreme Court decided *Mishkin*,[1] *Ginz-*

---

1. Mishkin v. State of New York, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56.

*burg*,[2] and *Memoirs*,[3] which resulted in a request for permission to prepare and submit supplemental briefs.

■ Largely for the reasons stated by the District Court in its very comprehensive opinion in this case,[4] we have today held § 1305 to be constitutional as applied in this context.[5] The entire interval between entry of the magazines and the final decree of the District Court was sixty days, here, but the District Court was confronted in this case with important and novel questions of constitutional law. Earlier adjudication accompanied by an enlightening opinion could not reasonably have been expected.

For the reasons stated by the District Court as supplemented by us in *Potomac News*, we hold § 1305 constitutional, facially and as applied in this case.

*Revue International* and *International Nudist Sun* are collections of photographs of undressed males. These two magazines are comparable in all respects to *Hellenic Sun Number Two*, which we hold today in the *Potomac News* case to be obscene. Here, the late Dr. Manfred S. Guttmacher testified for the Government, as he did in the later trial of the *Potomac News* case. The claimant in this case also offered the testimony of a psychiatrist, Dr. Jonas R. Rappaport. Though the psychiatrists differed somewhat in their estimates of the proportion of the 37% of all adult males, who are estimated to have had at least one homosexual contact after adolescence, for whom these magazines would have a prurient appeal, they were in general agreement that the magazines would have such an appeal for practicing male homosexuals. The Court also found, and the finding is supported by the record, that the magazines would have a prurient appeal

to many adolescent males and to some females, though the proportion of women who would be strongly stimulated by such erotica is small, while adolescent females would find the material shocking and frightening.

■ The Court's finding that these magazines would have a prurient appeal to male homosexuals and were designed primarily for the exploitation of that interest is abundantly supported by the record.

For the reasons stated by the District Court as supplemented by our opinion in *Potomac News*, we uphold the finding that the two male nudist magazines are obscene.

We agree, also, that *Exclusive* is obscene.

*Exclusive* is a collection of photographs of young women. In most of them, long stockings and garter belts are employed to frame the pubic area and to focus attention upon it. A suggestion of masochism is sought by the use in many of the pictures of chains binding the model's wrists and ankles. Some of the seated models, squarely facing the camera, have their knees and legs widespread in order to reveal the genital area in its entirety. In one of the pictures, all of these things are combined: The model, clad only in a framing black garter belt and black stockings is chained to a chair upon which she is seated, facing the camera, with one knee elevated and both spread wide.

We agree with the District Court that these apparently unretouched pictures of young women, posed as they are, are patently offensive and that the magazine *Exclusive* is obscene.

Affirmed.

---

2. Ginzburg v. United States, 383 U.S. 463, 86 S.Ct. 969, 16 L.Ed.2d 31.

3. A Book Named "John Cleland's *Memoirs* of a Woman of Pleasure" v. Attorney General of Com. of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1.

4. United States v. 392 Copies of Magazine Entitled "Exclusive," D.C.Md., 253 F. Supp. 485.

5. Potomac News Company, Inc. v. United States, 4 Cir., 373 F.2d 635 (decided this day).