**Joseph N. PALLADINO, Sr., Petitioner,**

v.

**Joseph V. McBRINE, Commissioner of Penal Institutions, for the City of Boston, Respondent.**

Misc. Civ. No. 70–7–J.

United States District Court,
D. Massachusetts.

March 6, 1970.

Harold Price Fahringer, Jr., Buffalo, N. Y., John A. Pino, Boston, Mass., for petitioner.

Robert H. Quinn, Atty. Gen., Lawrence P. Cohen, Asst. Atty. Gen., Boston, Mass., for respondent.

OPINION

JULIAN, District Judge.

Joseph N. Palladino, Sr., who is presently serving a three-month sentence imposed by the Massachusetts courts, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to overturn his convictions for selling and for having in his possession for the purpose of sale certain obscene magazines in violation of Mass.G.L. c. 272, § 28A.

Petitioner was convicted under three complaints charging three separate offenses:

Complaint No. 34330 charged him with having in his possession for the purpose of sale an obscene magazine called "Exciting," (Exh. 3).

Complaint No. 34983 charged him with selling an obscene magazine called "Wonder Girl," (Exh. 4).

Complaint No. 35273 charged him with having possession of an obscene magazine called "Cover Girl," (Exh. 2).

Petitioner pleaded not guilty to each complaint, was tried in the Suffolk Superior Court before a Superior Court Justice sitting without a jury, and was found guilty of each of the offenses charged. The following sentences were imposed:

On complaint No. 34330, a fine of $3,000; on complaint No. 34983, a sentence of three months in the House of Correction; and on complaint No. 35273, a sentence of three months in the House of Correction to run concurrently with the sentence imposed on complaint No. 34983.

Petitioner appealed to the Supreme Judicial Court. His appeals were consolidated with several other cases of a similar nature. On May 2, 1969, the petitioner's convictions were affirmed, in a rescript opinion which reads as follows:

"There was no error in the trial and convictions of the defendants on the complaints under G.L. c. 272, § 28A. Judgments affirmed." Commonwealth v. Johnson, Mass., 247 N.E.2d 701 (1969).

A petition for a writ of certiorari was denied by the United States Supreme Court on December 15, 1969, (*sub nomine*) Johnson v. Massachusetts, 396 U.S. 990, 90 S.Ct. 478, 24 L.Ed.2d 452 (1969).

In his amended return the respondent admits that the petitioner has completely exhausted all remedies available to him in the State courts and that there is no further State corrective process or procedure available to the petitioner within the contemplation of 28 U.S.C. § 2254.

Petitioner claims that the judgments of conviction, his commitment and his confinement are void for the following reasons:

1. The publications upon which his convictions rest are not obscene as a matter of law under the First and Fourteenth Amendments to the Constitution.

2. The complaints filed against the petitioner failed to allege that he knew the obscene nature of the publications when he sold them or had them in his possession for the purpose of sale.

3. There was no evidence offered at the trial from which it could be determined that the publications in question met the "constitutional obscenity standards established by the United States Supreme Court for judging obscenity."

4. Mass.G.L. c. 272, § 28A violates the First Amendment to the Constitution because it fails to contain the standards established by the United States Supreme Court.

The petitioner's first claim is rejected. Upon an examination and consideration of the entire material contained in each of the three magazines in question, and upon an application of the criteria laid down by the Supreme Court in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), as elaborated in subsequent cases and restated in A Book Named John Cleland's Memoirs v. Massachusetts, 383 U.S. 413 (1966) at page 418, 86 S.Ct. 975, 16 L.Ed.

2d 1, this Court finds that the dominant theme of the numerous photographs in each magazine taken as a whole appeals to a prurient interest in sex; that the photographs are patently offensive because they affront contemporary community standards [1] relating to the representation of sexual matter; and that the photographs are utterly without redeeming social value.

Most of the photographs display nude young women in poses and postures that center the attention of the viewer upon the vulva and the surrounding area. The photographs obtrusively expose the female genitalia from different angles. They are designed and intended to appeal to a prurient interest in sex. They do just that. They serve, and were intended to serve, no additional purpose except to produce revenue for the sellers. The magazines are not only wholly without redeeming social value but constitute a sordid and degrading exploitation of the female body. Only in a lawless jungle and not in a civilized society could the dissemination of material of this kind be placed beyond the reach of the law.

■ As to the petitioner's second claim, the record in the State court proceedings, considered as a whole, fairly supports the factual determination, implicit in the findings of guilty by the Superior Court and in the affirmance of the convictions by the Supreme Judicial Court, that the petitioner knew the obscene nature of the magazines when he sold them or had them in his possession for the purpose of sale. See Exh. A, transcript of trial in the Superior Court. The petitioner presented this and related issues in his brief before the Supreme Judicial Court. (See consolidated brief of defendants, Joseph M. Palladino, Sr.,* et al., Exh. 2 at hearing on January 30, 1970, at pp. 10–18.) The petitioner offered no evidence at the hearings before me tending to prove that this factual determination by the State courts was erroneous. See 28 U.S.C. § 2254(d).

■ As to petitioner's third claim, the Court takes the view that the magazines themselves constituted sufficient evidence of their obscene nature under the standards established by the Supreme Court.[2]

■ In his fourth and last claim the petitioner challenges the constitutionality of G.L. c. 272, § 28A under which he was convicted. I hold § 28A to be constitutionally valid on the authority of Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). *Roth* has not been overruled by Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).[3] In *Stanley* the Court takes pains to distinguish the case that was before it from *Roth* and similar cases in which the public commercial dissemination of obscene material was involved. At page 568, 89 S.Ct. at page 1249 of its opinion in *Stanley* the Court expressly and categorically stated that *"Roth* and the cases following that decision are not impaired by today's holding."

The Court finds and rules that the petitioner is not in custody in violation of the Constitution and laws of the United States. Therefore, in accordance with the provisions of 28 U.S.C. § 2254(a), the petition is dismissed.

> "The determination of whether materials are constitutionally protected is a legal question and must be made by the Court based upon an examination of the material itself."

---

1. I take the term "community" to encompass the entire nation.

* Petitioner was prosecuted in the State courts under the name of Joseph *M*. Palladino, Sr.

2. It is noted that in his brief before the Supreme Judicial Court, *supra*, at page 18 petitioner stated:

3. See Karalexis v. Byrne, 306 F.Supp. 1363, D.C.Mass., 1969, (dissenting opinion).