428 F.2d 606
 John L. HUNT, Petitioner, Appellant,
v.
John KERIAKOS, Acting Sheriff and Master of House of
Correction at Billerica, Massachusetts,
Respondent, Appellee.
Joseph N. PALLADINO, Sr., Petitioner, Appellant,
v.
Joseph V. McBRINE, Commissioner of Penal Institutions for
the City of Boston, Respondent, Appellee.
 Nos. 7557, 7567.
 United States Court of Appeals, First Circuit.
 June 19, 1970.
 
 Mitchell Benjoya, Boston, Mass., with whom Crane, Inker & Oteri, Joseph S. Oteri, and Kevin M. Keating, Boston, Mass., were on brief, for appellant John L. Hunt.
 John A. Pino, Boston, Mass., with whom Herald Price Fahringer, Buffalo, N.Y., was on brief for appellant Joseph N. Palladino, Sr.
 Lawrence P. Cohen, Asst. Atty. Gen., with whom Robert H. Quinn, Atty. Gen., John J. Irwin, Jr., Asst. Atty. Gen., Chief, Criminal Division, and Garrett H. Byrne, Dist. Atty., Suffolk County, were on brief, for appellees.
 Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.
 ALDRICH, Chief Judge.
 
 
 1
 These are two petitions for habeas corpus. Petitioners were convicted in the Massachusetts Superior Court of possession of obscene material with intent to sell, in violation of Mass.G.L. c. 272 28A. The convictions were affirmed sub nom. Commonwealth v. Johnson, 1969 Mass.A.S. 824, 247 N.E.2d 701, without opinion. Certiorari was denied sub nom. Johnson v. Massachusetts, (1969) 396 U.S. 990, 90 S.Ct. 478, 24 L.Ed.2d 452, following which petitioners commenced service of their sentences. Their present petitions were denied by the district court, in each instance with an opinion. Hunt v. Fitzpatrick (2/26/70) (not reported); Palladino v. McBrine, D.Mass., 1970, 310 F.Supp. 308. Certificates of probable cause for appeal were granted and we ordered petitioners admitted to bail.
 
 
 2
 The material offered for sale comprised, in the one case, 'magazines' entitled 'Wonder Girl,' 'Cover Girl' No. 8, and 'Exciting' No. 15, and in the other, magazines entitled 'Suzette,' and 'Cover Girl' No. 9. Some of these contain a small amount of written material of no particular consequence, or, we might think, interest, with the balance pictures. The others are solely pictorial. In all instances the pictures consist of photographs, many in full color, of young women either largely or totally undressed, exposing various portions of their bodies, but generally focussing on the vulva. In some instances stockings, garter belts, or other apparel are used to increase this emphasis, and in many instances positions, even to the point of contortion, are assumed so that no detail will be lost. There is no shading, blurring, or other photographic artistry to lessen the impact, and the usual 'props,' in addition to scanty wearing apparel, consist of pillows, divans, etc. All photographs are what are known as 'singles,' (showing only one person) and no activity is involved, although it could be said that some of the positions were inviting.
 
 
 3
 In the district court one of the petitioners introduced in evidence an allegedly similar magazine entitled 'Exclusive,' and called the court's attention to the fact that this magazine had been declared not obscene as matter of law by the Supreme Court in Central Magazine Sales, Ltd. v. United States, 1967, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49, reversing without opinion United States v. 392 Copies of Magazine Entitled 'Exclusive.' 4 Cir., 1967, 373 F.2d 633.[1] In all candor, once the point of full exposure of the perineal area has been reached, there is little basis to choose between one illustration and another. There is nothing exclusive about 'Exclusive.' Petitioners' magazines may be more striking in their impact, but it would be very difficult for us to say that if the one is not obscene, the others are. Indeed, to do so would render the question of obscenity vel non even more amorphous than any test previously suggested.
 
 
 4
 We are not, however, faced with even that doubtful question. In the recent case of Bloss v. Dykema, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (6/1/70), the Supreme Court summarily reversed, per curiam, the decision in Dykema v. Bloss, 1969, 17 Mich.App. 318, 169 N.W.2d 367, in reliance upon Redrup v. New York, 1967, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515. Mr. Justice Harlan, who had concurred in Central Magazine Sales, dissented. Whatever may be said for his often expressed view that the states are entitled to have a more rigid standard of obscenity than that decreed for the federal government, it has not been adopted by the Court. See also Walker v. Ohio, 398 U.S. 434, 90 S.Ct. 1884, 26 L.Ed.2d 385 (6/15/70).
 
 
 5
 We have been supplied with copies of the magazines involved in Bloss to wit, 'Pinned,' 'Gigi,' 'Missie,' and various other numbers of 'Cover Girl' and 'Exciting.' If the pictures in the case at bar could be regarded in any respect as more explicit than 'Exclusive,' there was no possible photographic deficiency, or restraint on the part of the models, in those accepted in Bloss. We do not believe the Court's action was based upon the publishers' announcement that their product was 'artistic,' 'sociologically educating,' and 'essentially wholesome.' We find such characterizations peculiarly inaccurate. Rather, we are obliged to conclude that no photograph of the female anatomy, no matter how posed if no sexual activity is being engaged in, or however lacking in social value, can be held obscene.[2]
 
 
 6
 The present cases do not involve pandering, Ginzburg v. United States, 1966, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31, sale to minors, Mass.G.L. c. 272 28, Ginsberg v. New York, 1968, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195, or even of offensive intrusions upon unwilling viewers, cf. Karalexis v. Byrne, D.Mass., 1969, 306 F.Supp. 1363, prob. juris. noted,397 U.S. 985, 90 S.Ct. 1123, 25 L.Ed.2d 394. Restricted as a defendant's right to federal review of state convictions may be, we have no hesitation in finding it when there is a deprivation of personal liberty contrary to constitutional standards in a situation producing fundamental unfairness. Fay v. Noia, 1963, 372 U.S. 391, 399-415, 83 S.Ct. 822, 9 L.Ed.2d 837; Gregory v. Chicago, 1969, 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134. Were we not so to hold, the result would be a practical recognition of varying state standards of obscenity which, as we have noted, has been rejected as a rule of law.
 
 
 7
 The judgments of the District Court are vacated, and the actions remanded with instructions to issue the writs discharging the petitioners.
 
 
 
 [1]
 Admittedly, this exhibit had not been presented to the Massachusetts courts, counsel telling us that he had been unable at that time to obtain a copy. We do not consider this sufficient new matter to mean that petitioners did not exhaust their state remedies within the principle of Needel v. Scafati, 1 Cir., 1969, 412 F.2d 761, cert. denied 396 U.S. 861. The content of 'Exclusive' was fully described in the Fourth Circuit opinion, 373 F.2d at 636. Nor is Needel an obstacle to our taking note of Bloss v. Dykema, post. In the light of Central Magazine Sales, Bloss makes no significant change in the law
 
 
 [2]
 We cannot take the fact that the Supreme Court denied certiorari in petitioners' cases as a holding to the contrary, or as res judicata. It is true that, in the light of the Court's recent practice of reversing summarily, particularly where First Amendment rights are involved, the denial of certiorari in such cases may be thought of some significance. However, to regard the failure to take action as conclusive, even in such cases, would be to impose upon the Court a burden of review it has never openly assumed. With the ever increasing number of petitions, we will not attribute to the Court a ruling on the merits unless it specifically makes one