**George Joseph ORITO, by Robert E. Sutton, his attorney, Petitioner,**

**v.**

**Sanger POWERS, Administrator, State of Wisconsin Department of Health and Social Services, Division of Corrections, Respondent.**

**No. 72–C–404.**

United States District Court,
E. D. Wisconsin.

Aug. 30, 1972.

Samson, Friebert, Sutton & Finerty by Robert E. Sutton, Milwaukee, Wis., for petitioner.

Robert W. Warren, Atty. Gen. by Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondent.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This petition for a writ of habeas corpus presents a threshold question as to the jurisdiction of this court and also a question as to whether a particular publication should be held not obscene as a matter of law.

As noted in earlier decisions of this court, the petitioner has been confined in the federal correctional institution at Sandstone, Minnesota, where he is serving a sentence upon a federal conviction entered in the federal court for the central district of California (Case No. 71–

2506–FW). The latter conviction is now on appeal and in an order of Justice Blackmun dated August 5, 1972, Mr. Orito was admitted to bail in the latter case pending final disposition of such appeal.

Mr. Orito was also convicted in the circuit court of Milwaukee County for violation of § 944.21(1), Wis.Stats., and on September 20, 1971, was sentenced to an indeterminate term of five years. Although the Wisconsin authorities have not filed a formal detainer with the federal correctional institution at Sandstone, it is clear that the federal authorities have been notified of the state conviction and consider that notice to constitute a "hold" upon Mr. Orito.

■ In view of the admission to bail authorized by the United States Supreme Court, I conclude that the petitioner is in fact restrained of his liberty by reason of the conviction in the state court of Wisconsin. Thus, I find that this court has jurisdiction to issue a writ of habeas corpus under 28 U.S.C. § 2241(a).

Mr. Orito urges that the magazine in question "Riviera Girls" is not obscene as a matter of law and that the state court conviction affirmed by the Wisconsin supreme court cannot stand. See Orito v. State, 55 Wis.2d 161, 197 N.W. 2d 763 (1972). While a number of other issues are raised by the petitioner, it is my opinion that the writ may not issue unless this court is prepared to find as a matter of law that the magazine in question is not obscene.

There are few fields of law in which more uncertainty exists. A myriad of state and federal appellate decisions have explored this difficult topic, and have come up with irreconcilable results. There are presently a number of cases before the United States Supreme Court, the resolution of which might illuminate this shadowy corner of the law.

I have examined the magazine in question, as well as the decision of the Wisconsin supreme court. The leading United States Supreme Court decisions are Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), and Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414 (1967).

■ On each page of "Riviera Girls", there is a picture of a posturing, nude female. The extent of the nudity and the extent of the posturing leave nothing to the viewer's imagination. In the eyes of many, this would surely be of prurient interest. Nevertheless, under the first amendment of the United States Constitution and under the decisions of the United States Supreme Court, as I understand them, I hold that the state of Wisconsin could not constitutionally convict Mr. Orito for selling this magazine.

On the basis of *Redrup, supra,* the United States Supreme Court has summarily reversed, *per curiam,* several state and lower federal court decisions involving material nearly identical to "Riviera Girls". See, *e. g.,* Bloss v. Dykema, 398 U.S. 278, 90 S.Ct. 1727, 26 L.Ed.2d 230 (1970), reversing Dykema v. Bloss, 17 Mich.App. 318, 169 N.W.2d 367 (1969); and Central Magazine Sales, Ltd. v. United States, 389 U.S. 50, 88 S.Ct. 235, 19 L.Ed.2d 49 (1967), reversing United States v. 392 Copies of Magazine Entitled "Exclusive", 373 F.2d 633 (4th Cir. 1967). The Supreme Court's action in these cases prompted one federal appellate court to state:

"[W]e are obliged to conclude that no photograph of the female anatomy, no matter how posed if no sexual activity is being engaged in, or however lacking in social value, can be held obscene." Hunt v. Keriakos, 428 F.2d 606, 608 (1st Cir. 1970), cert. denied, Keriakos v. Hunt, 400 U.S. 929, 91 S. Ct. 185, 27 L.Ed.2d 189 (1970).

In McKinney v. Alabama, 405 U.S. 1075, 91 S.Ct. 1499, 31 L.Ed.2d 809 (1972), the Supreme Court was once again presented with a state court obscenity finding involving material akin to "Riviera Girls." McKinney v. State, 287 Ala. 648, 254 So.2d 714 (Ala.1971). Certiorari was denied, with three jus-

tices urging the granting of certiorari and, on the basis of *Redrup,* the reversal of the Alabama Supreme Court's determination. In the case at bar, counsel for the respondent suggests that this break from the *"Redrup* rulings" may suggest a change in the law because of the new membership of the Supreme Court, but this approach is not an acceptable one.

"It is true that, in light of the Court's recent practice of reversing summarily, particularly where First Amendment rights are involved, the denial of certiorari in such cases may be thought of some significance. However, to regard the failure to take action as conclusive, even in such cases, would be to impose upon the Court a burden of review it has never openly assumed. With the ever increasing number of petitions, we will not attribute to the Court a ruling on the merits unless it specifically makes one." Hunt v. Keriakos, *supra,* 428 F.2d at 608, n.2.

I conclude that the magazine "Riviera Girls" is so similar to the materials involved in the cited cases that it, too, is protected under *Redrup.*

Because of the uncertainty which attends this field of the law, and because of the pendency of related issues in the United States Supreme Court, a stay in the issuance of the writ will be granted, during which time the respondent may consider an appeal. If no appeal is taken, the writ will issue 30 days after the date of this order. If an appeal is taken, the issuance of the writ will be stayed until the mandate issues from the court of appeals.

Notwithstanding the decision and order of this court on August 11, 1972, denying Mr. Orito's emergency petition for bail pending this court's ruling on this petition for habeas corpus, I conclude that he should now be admitted to bail pending the final disposition of this petition for habeas corpus. I find that good and sufficient bail in this case is either cash or a competent bond in the sum of $3000.

Now, therefore, it is ordered that the writ of habeas corpus and the petitioner's entitlement to bail shall issue on the terms and also upon the stay cited in this decision.