STATE, Respondent, v. BRUESEWITZ, Appellant.

*No. State 74. Argued January 31, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 514.)

For the appellant there was a brief by *Thomas P. Guszkowski,* attorney, and *Whyte, Hirschboeck, Minahan, Harding & Harland, S. C.,* of counsel, all of Milwaukee, and oral argument by *Mr. Guszkowski.*

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J.

*Heroin conviction.*

In attacking the 1970 heroin conviction, the defendant asserts that a person who has reached the degree of heroin addiction and the resultant loss of self-control that the appellant had at the time of his use of heroin cannot be constitutionally adjudged guilty and imprisoned for the use of narcotics. The record shows that the defendant was first charged and found guilty of the use of narcotics in September of 1968. At that time he convinced the trial judge that he was addicted to the use of narcotics,

and he was placed on probation for four years. He was placed on probation to permit him to enter a federal program for the treatment of narcotics addiction at Lexington, Kentucky. He was again arrested for the use of heroin on April 24, 1970. The 1968 conviction is not per se before us on this appeal, since more than one year had elapsed from the date of that conviction to the appeal to this court, sec. 958.13, Stats. 1967. Counsel on this appeal recognizes this court's lack of jurisdiction to review the 1968 conviction, but has included it in the record in an effort to show the course of the defendant's alleged addiction over a period of years. The appeal from the 1970 conviction is within the jurisdiction of the court.

On July 1, 1970, Bruesewitz pleaded guilty to the use of heroin, in violation of sec. 161.02 (3), Stats. 1969. He was represented by counsel. The trial judge carefully questioned the defendant to determine the voluntariness of the plea, satisfied himself that the defendant was aware of the constitutional rights he was waiving by a guilty plea, and conducted the evidentiary hearing prescribed by *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713. After the prosecutor elicited a prima facie case from the testimony of police officers and following a stipulation that the substance in question was in fact heroin, Bruesewitz took the stand. He testified that he had used heroin the night before his arrest. He also stated that he had been addicted for six years prior to his most recent arrest, but that he no longer was "physically" addicted. Later, in his statement to the court, he indicated that medical science did not understand the problems of those who were "psychologically" addicted to drugs, as he was, as contrasted to those who were "physically" addicted. On the basis of the evidence elicited at the hearing, the trial judge accepted Bruesewitz's plea of guilty, adjudged him guilty as charged,

and sentenced him to a term in the Wisconsin state prison for a period of five years.

Immediately thereafter, the trial judge conducted a hearing to determine whether he should revoke the probation granted to the defendant following a 1963 burglary conviction and the probation granted following the 1968 conviction for the use of heroin. The probation periods previously granted were revoked and sentences were imposed.

On this appeal the defendant argues that it was a violation of the eighth amendment to the constitution of the United States—that it was cruel and unusual punishment —to hold a narcotics addict criminally responsible for the use of heroin. He makes the same argument to set aside the order that revoked his probation for the narcotics offense of 1968. He also argues, under the Wisconsin law and relying upon *State v. Shoffner* (1966), 31 Wis. 2d 412, 143 N. W. 2d 458, that a person who is unable to understand the nature and quality of his actions or unable to distinguish between right and wrong with respect to such actions, or to conform his conduct to the requirements of law cannot be found guilty of a criminal offense and that he cannot be, and should not be, held criminally responsible for his involuntary use of narcotics. He argues that, under the circumstances, the trial court should not have accepted his guilty plea, and the finding of guilt and the subsequent conviction constituted a manifest injustice under the test of *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

As a general proposition, defendant's principal thesis, that a person cannot be convicted for the involuntary use of an addictive drug, rests upon *Robinson v. California* (1962), 370 U. S. 660, 82 Sup. Ct. 1417, 8 L. Ed. 2d 758. That case, however, goes to the single proposition that a statute making it a crime to be "addicted" to narcotics

is invalid. Criminal liability could not be based on the mere status of addiction. The opinion in that case, however, drew a distinction between the constitutionally infirm law before the court which imposed liability for addiction and a legitimate state regulation of " 'the administration, sale, prescription and *use* of dangerous and habit-forming drugs.' " (Emphasis supplied.) *Robinson,* page 664.

*Powell v. Texas* (1968), 392 U. S. 514, 88 Sup. Ct. 2145, 20 L. Ed. 2d 1254, sustained a Texas statute which made public drunkenness a crime. Powell claimed that he was a chronic alcoholic and, as such, was powerless to resist public drinking and drunkenness. The state conviction was affirmed by the United States Supreme Court. The court refused to extend the holding of *Robinson* to prevent states from punishing defendants who engaged in behavior which the state had an interest in preventing. The opinion of the court in *Powell* recognizes the *Robinson* rule as merely a prohibition against penalizing a status, rather than a prohibition against penalizing conduct, even though the conduct may arise from the very status which may not be considered criminal. Mr. Justice FORTAS, writing for a minority of the court, dissented, contending that *Robinson* stood upon a principle fundamental to liberty. "Criminal penalties may not be inflicted upon a person for being in a condition he is powerless to change." *Powell,* page 567. Mr. Justice WHITE, in a separate opinion, concurred in the affirmance of the conviction but stated:

"If it cannot be a crime to have an irresistible compulsion to use narcotics, *Robinson v. California,* 370 U. S. 660, rehearing denied, 371 U. S. 905 (1962), I do not see how it can constitutionally be a crime to yield to such a compulsion. Punishing an addict for using drugs convicts for addiction under a different name. Distinguishing between the two crimes is like forbidding criminal conviction for being sick with flu or epilepsy but permit-

ting punishment for running a fever or having a convulsion. Unless *Robinson* is to be abandoned, the use of narcotics by an addict must be beyond the reach of the criminal law." Pp. 548, 549.

It is thus at least arguable, when Mr. Justice WHITE'S concurring opinion is considered, that had *Powell* been a drug case rather than an alcohol case, a majority of the court would have found a constitutional bar to the conviction of an addict for using narcotics under the compulsion of his disease.

The point which the defendant would argue on this appeal is not, however, in fact posed by this record. While the record is replete with evidence of narcotics use by Bruesewitz, he specifically testified that, at the time of the acceptance of his plea of guilty, he was not "physically" addicted to the use of narcotics. Accordingly, even were we to find that the position taken by the defendant on this appeal—that it is unconstitutional to convict an addict for the use of a narcotic which he is powerless to resist—and we do not reach that conclusion herein—the facts before us show only a prolonged period of the use of narcotics and the statement of the defendant that he was not "physically" addicted. There was no medical evidence to show the nature of Bruesewitz's addiction or any evidence of which this court can take notice to show that one who is "psychologically" addicted was powerless to resist the use of narcotics.

What the record shows is a voluntary and knowledgeable plea of guilty by a person who at that time was in full control of his mental and physical faculties. Counsel contends that to take a plea of guilty where the record might indicate, arguably at least, that the defendant was addicted to the use of narcotics at the time of the crime constitutes a manifest injustice under *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9. The defendant, however, failed to avail himself of the remedy afforded

under *State v. Reppin.* No motion was ever made for the withdrawal of the plea of guilty. Had the motion for the withdrawal of the plea been made, defendant would have had the opportunity in an evidentiary hearing to prove, if he could, the defendant's status as an addict at the time of the commission of the crime. An appeal from an order following such an evidentiary hearing could raise the questions that the defendant seeks to raise here, but such a hearing has not been had.

It appears from the record that the motion to set aside the judgment of conviction was argued merely as a matter of law and did not attempt to supply the evidentiary basis requisite to show that the defendant was an addict and, because of his addiction, was powerless to conform his actions to the standards required by law. Moreover, no appeal was taken from the denial of the motion to vacate the judgment. Accordingly, even the unsupported assertions in those motion papers are not before us on review. The only record we have is of a plea-of-guilty proceedings in which the defendant was properly warned and advised of his constitutional rights. From that record it is apparent that the guilty plea was constitutionally acceptable. Thus, even if the rule of *Robinson v. California* as conceived by defendant's counsel would assist Bruesewitz in this case, the evidentiary underpinnings for the invocation of the rule are totally lacking. The record shows the proper entry of a plea of guilty and no motion to withdraw that plea. If the defendant wishes to establish any basis for further consideration of his constitutional contentions, a factual groundwork must first be laid in the trial court by the utilization of the post-conviction remedy statute, sec. 974.06, Stats., or a hearing of an evidentiary nature stemming from a petition for habeas corpus.

In view of the fact that the revocation of the two preceding probation orders immediately followed the taking

of the plea of guilty on the 1970 narcotics charge, there is no foundation for the contention that the revocation proceedings did not comport with the basic requirements of due process. While it is true, as contended by defendant on this appeal, the trial judge did not consider the appellant's lack of criminal responsibility for the use of narcotics, no question in that respect was raised at the time of the hearing on the revocation. That defense was not posed and, accordingly, could not have been considered by the trial judge at that time.

*Obscenity conviction.*

Additionally, the defendant was charged with possessing obscene material with the intent to sell, in violation of sec. 944.21 (1) (a), Stats. 1969. The case was tried to the court. The allegedly obscene material was a pictorial magazine. On this appeal, the defendant only challenges the trial judge's determination that the magazine is obscene. He raises no other defenses and makes no other attack upon the conviction. Defendant's brief on this appeal does not attack the sufficiency of the evidence. He relies only on a contention that the magazine is not obscene as a matter of law. This court has adopted the test for obscenity first stated in *Roth v. United States* (1957), 354 U. S. 476, 489, 77 Sup. Ct. 1304, 1 L. Ed. 2d 1498, and amplified in *Memoirs v. Massachusetts* (1966), 383 U. S. 413, 418, 86 Sup. Ct. 975, 16 L. Ed. 2d 1. Relying on these tests, we stated in *Court v. State* (1971), 51 Wis. 2d 683, 691, 188 N. W. 2d 475, that in order to find material obscene:

" '(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value.' "

*Court v. State* also established the standard by which trial court obscenity findings are to be reviewed on appeal. Holding that the determination of obscenity is a factual matter to be resolved by the finder of fact following constitutional guidelines, this court stated that such findings will be sustained on appeal when supported by substantial evidence in view of the record as a whole. *Court,* pages 698, 699. This same standard has been adhered to in subsequent cases and is applicable whether the finder of fact was a jury or a judge. *State v. I, A Woman—Part II* (1971), 53 Wis. 2d 102, 110, 191 N. W. 2d 897; *Orito v. State* (1972), 55 Wis. 2d 161, 164, 197 N. W. 2d 763; *State v. Simpson* (1972), 56 Wis. 2d 27, 43, 201 N. W. 2d 558.

Counsel on this appeal asks that we hold that the publication is not obscene as a matter of law. For us to make that determination, it would be necessary for this court to conclude that no reasonable jury or a judge acting as a finder of fact could conclude that the publication was obscene under the *Roth-Memoirs* test. While reasonable minds might well differ, we cannot state, as a matter of law, that the magazine is not obscene. The question is a factual one, to be resolved by the finder of fact under proper constitutional standards. The proper standards were applied by the trial judge. As explicated in *Court, supra,* it would be impossible for this court, given this publication, to say that the question of obscenity was not a matter for the trier of fact. Since the matter was properly before the finder of fact and the proper constitutional tests were applied in considering the question, the trial judge could find that the publication was obscene and, accordingly, the judgment of conviction must be affirmed.

*By the Court.*—Judgments and orders affirmed.

WILKIE, J. *(concurring)*. As I have stated several times, it remains my view that the decisions of the United States Supreme Court still require this court to make an independent determination of whether a particular publication is obscene.[1] In my judgment, after making such an independent review here, there is no question but that the magazine under attack is obscene.

---

[1] Concurring opinions in: *Court v. State* (1971), 51 Wis. 2d 683, 711, 188 N. W. 2d 475; *Orito v. State* (1972), 55 Wis. 2d 161, 167, 197 N. W. 2d 763; *State v. Simpson* (1972), 56 Wis. 2d 27, 43, 201 N. W. 2d 558.