479 F.2d 435
 George Joseph ORITO, by Robert E. Sutton, his attorney,
Petitioner-Appellee,
v.
Sanger POWERS, Administrator, State of Wisconsin, Department
of Health and Social Services, Division of
Corrections, Respondent-Appellant.
 No. 72-1931.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 17, 1973.
Decided May 25, 1973.
 
 Robert W. Warren, Atty. Gen., Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondent-appellant.
 Robert E. Sutton, Milwaukee, Wis., for petitioner-appellee.
 Before HASTINGS, Senior Circuit Judge, and CUMMINGS and STEVENS, Circuit Judges.
 HASTINGS, Senior Circuit Judge.
 
 
 1
 This appeal from an order of a federal district court granting the petition of George Joseph Orito for a writ of habeas corpus presents an important jurisdictional issue for review. The question is whether the United States District Court for the Eastern District of Wisconsin had jurisdiction pursuant to Title 28, U.S.C.A. Sec. 2241(a),[1] to issue a writ of habeas corpus on behalf of a prisoner who, at the time he filed his petition, was confined in a federal penitentiary in Sandstone, Minnesota. A second and subsidiary question is whether a particular publication entitled Riviera Girls was obscene as a matter of law.
 
 
 2
 Prior to September 17, 1971, petitioner was tried and convicted in the United States District Court for the Central District of California for violation of Title 18, U.S.C.A. Sec. 1462 (importation or transportation of obscene matters) in Case No. 71-2506-FW. He was sentenced to serve a term of three years and was then committed to and incarcerated in the Federal Correctional Institution at Sandstone, Minnesota. While serving this term at Sandstone, petitioner was tried by a jury and convicted by the Circuit Court of Milwaukee County, Wisconsin, on September 17, 1971, of possessing obscene pictures with intent to sell the same, in violation of Sec. 944.21 (1), Wis.Stats. He was sentenced to an indeterminate term of five years' imprisonment in the Wisconsin State Penitentiary at Waupun, Wisconsin. The sentence was to be served in part Concwrrently with the remainder of the threeyear federal commitment he was then serving at Sandstone. Petitioner was returned to Sandstone, serving time there on both the federal and state commitments. The Wisconsin trial court denied his motion for a new trial on November 3, 1971. His conviction was affirmed on June 6, 1972, on appeal to the Wisconsin Supreme Court. Orito v. State, 55 Wis.2d 161, 197 N.W.2d 763. This exhausted his state court remedies.
 
 
 3
 On November 19, 1971, the Wisconsin Department of Corrections sent a letter to the warden of the Federal Correctional Institution at Sandstone requesting "that we be notified approximately 60 days prior to the subject's [Orito's] eventual release from your institution so we may determine if subject should be returned to this institution, or if a concurrent parole agreement can be arranged." The letter went on to say that it "should not be considered as a Detainer" but did request a set of fingerprints and three photographs of Orito.
 
 
 4
 In that posture, while confined in a federal institution in Minnesota serving concurrent California federal and Wisconsin state terms of imprisonment, on July 10, 1972, petitioner filed his Wisconsin federal petition for habeas corpus relief directed to his Wisconsin state conviction, together with an emergency petition for bail pending the disposition of his habeas petition. Respondent Administrator of the Division of Corrections filed a response in opposition on August 2, 1972. On August 5, 1972, the Supreme Court of the United States, pursuant to an order by Associate Justice Blackmun, ordered petitioner admitted to bail pending final disposition of his appeal from the California federal conviction. On August 11, 1972, the Wisconsin federal court denied petitioner's emergency petition for bail in the federal habeas proceeding.
 
 
 5
 On August 30, 1972, the Wisconsin federal district court, Judge Myron L. Gordon presiding, in a decision on the merits of the habeas petition, 347 F. Supp. 150, found:
 
 
 6
 "Although the Wisconsin authorities have not filed a formal detainer with the federal correctional institution at Sandstone, it is clear that the federal authorities have been notified of the state conviction and consider that notice to constitute a 'hold' upon Mr. Orito.
 
 
 7
 "In view of the admission to bail authorized by the United States Supreme Court, I conclude that the petitioner is in fact restrained of his liberty by reason of the conviction in the state court of Wisconsin. Thus, I find that this court has jurisdiction to issue a writ of habeas corpus under 28 U.S.C. Sec. 2241(a)."
 
 
 8
 We agree. Judge Gordon also countermanded his prior order of August 11, 1972, and admitted petitioner to bail pending final disposition of the habeas corpus petition. Actual issuance of the writ of habeas corpus was stayed pending the outcome of this appeal.
 
 JURISDICTION
 
 9
 Relying upon the literal language of Sec. 2241(a), supra, that writs of habeas corpus may be granted by "the district courts * * * within their respective jurisdictions," respondent contends that this phrase has been construed to limit the power of federal district courts to issue writs of habeas corpus to prisoners confined within the particular court's territorial jurisdiction, citing Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); United States ex rel. Brown v. New York Board of Parole, E.D.N.Y., 301 F.Supp. 1232 (1969), and cases cited therein.
 
 
 10
 Whatever vitality Ahrens v. Clark, supra, and cases following it may have had was severely undercut and to a large extent overruled by the recent decision of Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In Braden, a petitioner then serving a sentence in an Alabama prison applied to a Kentucky federal district court for a writ of habeas corpus. He alleged denial of his constitutional right to a speedy trial in a pending Kentucky state court indictment charging him with storehouse breaking and safebreaking. He sought an order directing Kentucky to afford him an immediate trial on the three-year-old Kentucky indictment. The Supreme Court phrased the issue as follows: "We are to consider whether, as petitioner was not physically present within the territorial limits of the District Court for the Western District of Kentucky, the provision of 28 U.S.C. Sec. 2241(a) that '[w]rits of habeas corpus may be granted by the . . . district courts . . .within their respective jurisdictions' (emphasis supplied), precluded the District Court from entertaining petitioner's application." 411 U.S. at 485, 93 S.Ct. at 1125. The Kentucky federal district court found it had jurisdiction. The Court of Appeals for the Sixth Circuit reversed. The Supreme Court, divided on the question of the vitality of Ahrens v. Clark, supra, reversed the court of appeals and held that "petitioner's absence from the Western District of Kentucky did not deprive that court of jurisdiction, and * * * the court below erred in ordering the dismissal of the petition on jurisdictional grounds." 411 U.S. at 500, 93 S.Ct. at 1132.
 
 
 11
 We find that Braden[2] is fully dispositive of the jurisdictional question in the case at bar and affirm the district court on that issue.
 
 OBSCENITY
 
 12
 As earlier herein set out, Orito was convicted on a charge of violating a Wisconsin statute proscribing the possession of obscene material for sale. The material in question consisted of a so-called magazine, without textual matter, on each page of which was a still picture of a posturing nude female, which left nothing to the viewer's imagination. It needs no further "free advertising" here.
 
 
 13
 The Wisconsin state court jury and the Supreme Court of Wisconsin each found the material to be obscene as a matter of fact and law under prevailing local community standards. It is quite understandable that many would be filled with a sense of righteous indignation and disgust with the presentation of such photographs for sale. Indeed, as a matter of federal-state comity, we regret the necessity of disagreeing with an eminent state court of last resort.
 
 
 14
 Nevertheless, as we read and understand the repeated decisions of the Supreme Court of the United States interpreting the First Amendment to the Federal Constitution, as applied to the states by the Fourteenth, Wisconsin may not constitutionally convict Orito for selling this magazine. The most thorough exposition of this question we have seen is the exhaustive treatment in Huffman v. United States, D.C.Cir., 470 F.2d 386, 399-401 (1971), on rehearing, id. at 404 (1972). On the authority of Huffman and the Supreme Court cases cited therein, we feel compelled to conclude that the district court did not err in holding this material protected.
 
 
 15
 The judgment of the district court is in all respects affirmed.
 
 
 16
 Affirmed.
 
 
 
 [1]
 "Sec. 2241. Power to grant writ
 "(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. * * *"
 
 
 [2]
 We note a continued expansion of traditional notions of habeas corpus by the same division of the Supreme Court in Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973)