Alan H. **SEDELBAUER**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 3–1179A302.

Court of Appeals of Indiana, Fourth District.

June 10, 1980.

K. Richard Payne, Fort Wayne, for appellant; Robert E. Smith, Atlanta, Ga., on brief.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

## ON PETITION FOR REHEARING

The State petitions for rehearing in this cause on the grounds that this Court erroneously decided the appeal on the basis of an issue which was not properly preserved for review. On the basis of *McCague v. New York, Chicago & St. Louis Ry.*, (1947) 225 Ind. 83, 71 N.E.2d 569, 73 N.E.2d 48, we agree. Nevertheless we remain of the same opinion regarding the sufficiency of evidence to warrant a pandering instruction. We grant rehearing insofar as reversal is based on the misleading effect of the instruction complained of, and take this opportunity to elaborate on the pandering issue.

The State points out certain inaccuracies in our statement of the facts: there was no evidence either way as to whether Sedelbauer was a pimp; only one film and a magazine were sold; only one vice officer was involved; and in addition to reciting the price of the materials sold, Sedelbauer accepted the tendered purchase price, worked the cash register, gave change, and placed the goods in the sack. The vice officer testified that Sedelbauer unlocked a display case so that the officer could obtain the film he said he wanted. The point we endeavored to make is that nothing in this list is probative of pandering. *Ginzburg v. United States*, (1966) 383 U.S. 463, 474, 86 S.Ct. 942, 949, 16 L.Ed.2d 31. *See Redrup v. New York*, (1967) 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed.2d 515.

The only evidence of any sort of advertising concerns various signs. Three in the front window state respectively, "Swingers World Book Store," "Adult News and Book Store" and "Films, Peep Shows." One inside the store and placed over a rack of magazines states "Asses, tits and other things."

The State argues that we ignore the meaning and effect of the word "adult," quoting Justice Stevens' dissent in *Splawn*

*v. California*, (1977) 431 U.S. 595, 97 S.Ct. 1987, 52 L.Ed.2d 606. We believe a closer reading of Justice Stevens' dissent provides the response to the State's argument:

> Truthful statements which are neither misleading nor offensive are protected by the First Amendment even though made for a commercial purpose. *Virginia Pharmacy Bd. v. Virginia Citizens Consumer Council*, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346. Nothing said on petitioner's behalf in connection with the marketing of these films was false, misleading, or even arguably offensive either to the person who bought them or to an average member of the community. The statements did make it clear that the films were "sexually provocative," *but that is hardly a confession that they were obscene.* And, if they were not otherwise obscene, I cannot understand how these films lost their protected status by being truthfully described.
>
> Even if the social importance of the films themselves is dubious, there is a definite social interest in permitting them to be accurately described. Only an accurate description can enable a potential viewer to decide whether or not he wants to see them. Signs which identify the "adult" character of a motion picture theater or a bookstore convey the message that sexually provocative entertainment is to be found within; under the jury instructions which the Court today finds acceptable, these signs may deprive otherwise nonobscene matter of its constitutional protection. Such signs, however, also provide a warning to those who find erotic materials offensive that they should shop elsewhere for other kinds of books, magazines, or entertainment. *Under any sensible regulatory scheme, truthful description of subject matter that is pleasing to some and offensive to others ought to be encouraged, not punished.*

431 U.S. at 602–03, 97 S.Ct. at 1992. (Emphasis added.) (Footnotes omitted.) Footnote three states:

> 3. It is ironic that in upholding obscenity laws this Court has stressed the State's "legitimate interest in prohibiting dissemination or exhibition of obscene material when the mode of dissemination carries with it a significant danger of offending the sensibilities of unwilling recipients or of exposure to juveniles." *Miller v. California*, 413 U.S. 15, 18–19, 93 S.Ct. 2607, 2612, 37 L.Ed.2d 419 (footnote omitted).

*Id.*

The point of the pandering issue is how the seller represents the material to potential purchasers. If the selling point is pornography, then there is no error in taking the material at the seller's own evaluation. *United States v. Pellegrino*, (9th Cir. 1972) 467 F.2d 41, 45. It is simply unfair, however, to characterize an adults only sign as pandering. Indiana law defines obscenity less stringently where minors are concerned. Compare IC 1976, 35–30–11.1–2(d), with IC 1976, 35–30–10.1–1(c). *See Pinkus v. California*, (1978) 436 U.S. 293, 98 S.Ct. 1808, 56 L.Ed.2d 293, *Jacobellis v. Ohio*, (1964) 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793. For this reason, endeavors to comply with IC 1976, 35–30–11.1–1, by excluding minors cannot be construed as a form of admission that the materials in question are obscene when sold to adults. As stated in *People v. Wrench*, (1974) 83 Misc.2d 95, 371 N.Y.S.2d 833, at 838:

> The defendant has, by posting the notices, shown his intent to bring himself within the letter of the law. He is not pandering as is found in *Ginzburg* . . . The defendant is clearly avoiding a '. . . mode of dissemination . .' which . . . carries with it a significant danger of offending the sensibilities of unwilling recipients or of exposure to juveniles . . . .

A similar interpretation appears in *Huffman v. United States*, (D.C.1971) 470 F.2d 386, reh. granted 470 F.2d 404, (1972), convictions reversed 502 F.2d 419 (1974), where an adults only sign was considered to demonstrate the *absence* of a claim that the defendants "pandered, or distributed to the young, or flaunted their wares on the public." 470 F.2d at 397, and fn. 18.

It is important to note that the effect of pandering in *Ginzburg* was to render obscene in those circumstances materials which in themselves were not. To consider the Adult News and Book Store sign ·in issue here as sufficient to trigger a *Ginzburg* pandering instruction is tantamount to instructing the jury they may find anything obscene if sold in a book store that does not admit minors.

 The State contends we do not accord the word "swinger" its full meaning taken in context. Even so, we do not consider it pandering such as would permit a finding of obscenity in a close case. Indeed, this result is necessarily implied in the reversal of a case quite similar to this now before us. In *Orito v. State*, (1972) 55 Wis.2d 161, 197 N.W.2d 763, the court found that among other things the name of the Swingers World Adult Books store fell within the meaning of pandering so as to warrant an instruction. In *Orito v. Powers*, (7th Cir. 1973) 479 F.2d 435, the court found the material in question was protected under the First Amendment, notwithstanding that the name of the book store was Swingers World Adult Books.

With regard to the sign placed over a rack of magazines stating "Asses, tits and other things," we note three circumstances. First, it was inside the store and therefore directed only to adults. Second, Indiana law does not forbid the sale of materials describing or depicting such matter to adults if no sexual conduct is involved, no matter how offensive or lacking in serious literary, artistic, political or scientific value. IC 1976, 35–30–10.1–1(c). Third, the magazine here in issue was not taken from that rack. We do not perceive any rational basis for construing that sign as indicating anything at all about the materials here in question, much less as pandering them. Even were we to attempt so tenuous a justification as a guilt-by-association analysis, there is no guilt in the first place and no association except physical proximity.

It is well settled that an instruction which is not warranted by the evidence is reversible error. *Cooper v. High*, (1974) 262 Ind. 405, 317 N.E.2d 177; *Christian Super Chevrolet Corporation v. State*, (1976) Ind.App., 346 N.E.2d 602; *Birdsong v. ITT Continental Baking*, (1974) 160 Ind. App. 411, 312 N.E.2d 104. Because the instruction here in question bears directly on the issue of guilt we may presume it affected the jury's deliberations on this matter. *See Hatton v. Hodell Furniture Co.*, (1920) 72 Ind.App. 357, 125 N.E. 797; *National Motor Vehicle Co. v. Pake*, (1915) 60 Ind.App. 366, 109 N.E. 787. *See also Allman v. Malsbury*, (1946) 224 Ind. 77, 65 N.E.2d 106.

For this reason Sedelbauer is entitled to a new trial.

MILLER, P. J., and CHIPMAN, J., concur.