STATE of Wisconsin,
Plaintiff-Respondent,

v.

Eric Benjamin GARDNER,
Defendant-Appellant.

Court of Appeals

*No. 2005AP1372–CR. Submitted on briefs March 7, 2006.
—Decided April 11, 2006.*

2006 WI App 92

(Also reported in 715 N.W.2d 720.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael K. Gould*, assistant state public defender, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general by *David J. Becker*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. WEDEMEYER, P.J. Eric Benjamin Gardner appeals from a judgment entered after he pled no

contest to one count of injury by intoxicated use of a motor vehicle, contrary to Wis. Stat. § 940.25(1)(am) (2003–04).[1] Gardner claims that § 940.25(1)(am) is unconstitutional. Because Gardner has failed to establish that this statute as applied to him is unconstitutional, we affirm.

## BACKGROUND

¶ 2. On December 20, 2003, Gardner crashed the motor vehicle he was driving into a tree a few blocks from his home. Michelle Marino, who was riding in the front passenger seat of Gardner's vehicle, was severely injured as a result of the crash. Gardner told officers at the scene that he must have fallen asleep at the wheel. He insisted that he only had one beer and had not ingested any other controlled substances. He consented to a test of his blood.

¶ 3. Approximately three hours after the crash, Gardner's blood was drawn for testing. No alcohol was detected in his blood, but substantial amounts of cocaine and the metabolites of cocaine were found. In March 2004, Gardner was charged with one count of injury by intoxicated use of a vehicle (great bodily harm), in violation of Wis. Stat. § 940.25(1)(am).

¶ 4. He filed a motion to dismiss the charge on the basis that the statute was unconstitutional. The trial court denied the motion to dismiss and Gardner entered a no contest plea to the single charged count. He

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted. The judgment refers to the conviction as Wis. Stat. § 940.25(1)(a), but our review suggests that the correct subsection is (am), as this case was charged and pled on the basis of a detectable amount of a controlled substance in Gardner's blood.

686

was sentenced to eight years in prison, consisting of four years of initial confinement, followed by four years of extended supervision. Judgment was entered. Gardner now appeals.

## DISCUSSION

¶ 5. Gardner challenges the constitutionality of Wis. Stat. § 940.25(1)(am) & (2)(a) on the basis that the statute violates his due process rights and constitutes cruel and unusual punishment. He contends that the statutes create presumptions of guilt and shift the burden of proving innocence to the defendant, thereby violating his due process rights. *See Tot v. United States*, 319 U.S. 463 (1943). He also argues that the statute creates a "status offense" by eliminating the need to prove causation. We reject Gardner's challenges and affirm the judgment of conviction.

¶ 6. In challenging the statutes at issue here, Gardner must overcome the presumption that legislative enactments are constitutional. *State v. Cole*, 2003 WI 112, ¶ 11, 264 Wis. 2d 520, 665 N.W.2d 328. In applying such a principle, we will indulge in "every presumption to sustain the law if at all possible," and will resolve any doubts in favor of upholding the constitutionality of the challenged statute. *Id.* (citation omitted). Gardner also bears the burden of proving that the statute is unconstitutional beyond a reasonable doubt. *Id.* Thus, he bears a heavy burden. Our review of the constitutionality of the statutes involved here presents a question of law that we review *de novo. Id.*, ¶ 10.

¶ 7. The statute at issue here provides in pertinent part:

**940.25 Injury by intoxicated use of a vehicle.**
**(1)** Any person who does any of the following is guilty of a Class F felony:

. . . .

(am) Causes great bodily harm to another human being by the operation of a vehicle while the person has a detectable amount of a restricted controlled substance in his or her blood.

. . . .

**(2)**(a) The defendant has a defense if he or she proves by a preponderance of the evidence that the great bodily harm would have occurred even if he or she had been exercising due care and he or she had not been under the influence of an intoxicant, did not have a detectable amount of a restricted controlled substance in his or her blood, or did not have an alcohol concentration described under sub. (1) (b), (bm), (d) or (e).

## A. *Presumption Argument.*

¶ 8. Gardner's main contention is that the statutory scheme creates "rebuttable and irrebuttable presumptions of guilt," which violate his constitutional right to due process. The State responds that the statute does not create any presumptions; rather, the statute simply defines a criminal offense and an affirmative defense to that offense. We agree with the State.

¶ 9. In addressing this issue, it is first necessary to define what a presumption is and when a presumption denies a criminal defendant due process. A presumption allows a "trier of fact to determine the existence of an element of the crime—that is, an 'ultimate' or 'elemental' fact—from the existence of one or more 'evidentiary' or 'basic' facts." *Ulster County Court v.*

*Allen*, 442 U.S. 140, 156 (1979). The presumption can be permissive, which "allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one," *id.* at 157, or it can be mandatory, requiring that the trier of fact "*must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts," *id.*

■■■■

¶ 10. In general, a permissive presumption is constitutional as long as there is a rational connection between the basic fact and the elemental fact. *Id.* at 165. A mandatory presumption, however, whether conclusive or rebuttable, is not constitutional because it relieves the State of its burden to prove every element of an offense beyond a reasonable doubt. *Sandstrom v. Montana*, 442 U.S. 510, 521–24 (1979).

■

¶ 11. In looking at the crime defined by the statute challenged here, we conclude that no presumptions exist. The offense defined in Wis. Stat. § 940.25(1)(am) has two elements, which the State must prove beyond a reasonable doubt: (1) the defendant operated a vehicle with "a detectable amount of a restricted controlled substance in his or her blood"; and (2) the defendant's operation of the vehicle caused great bodily harm to the victim. Section 940.25(2)(a) creates an affirmative defense that will absolve the defendant of all liability if he or she can prove by a preponderance of the evidence that great bodily harm would have occurred even if he or she had been exercising due care and had not had a detectable amount of a controlled substance in his or her blood.

689

¶ 12. The elements of the crime do not provide the State with any presumptions so as to relieve the State of its burden to establish the two elements beyond a reasonable doubt. Likewise, the language of the statute does not direct the fact finder to presume the existence of either of the two elements that WIS. STAT. § 940.25(1)(am) creates from proof of any basic, or evidentiary fact. Rather, the statute simply defines the elements of the offense. *See State v. Ulrich*, 478 N.E.2d 812, 820 (Ohio Ct. App. 1984) ("The present statute does not presume; rather, it defines what specific conduct is prohibited."). Thus, if the State proves both elements beyond a reasonable doubt, a defendant is not presumed guilty—he or she *is* guilty because of proof of those elements.

### B. Status Offense/Eighth Amendment.

¶ 13. Gardner also contends that the statutes here create an impermissible "status offense." *See Robinson v. California*, 370 U.S. 660, 682 (1962); *State v. Bruesewitz*, 57 Wis. 2d 475, 479–80, 204 N.W.2d 514 (1973) (Eighth Amendment prohibits "making it a crime to be 'addicted' to narcotics . . . . Criminal liability [cannot] be based on the mere status of addiction."). We reject Gardner's contention.

■

¶ 14. The statutes involved here penalize conduct, not status. The statutes prohibit operation of a vehicle with a detectable amount of a restricted controlled substance in one's blood and the causing of great bodily harm as a result of that operation of a vehicle. Thus, a defendant is not being penalized simply for being a drug addict. A defendant cannot be prosecuted under WIS. STAT. § 940.25(1)(am) unless he or she

actually engages in conduct—operation of a vehicle such that great bodily harm is caused to another human being. The United States Supreme Court made it clear that *Robinson* does not apply in the context presented in the instant case. *See Powell v. Texas*, 392 U.S. 514, 532–36 (1968) (*Robinson* does not prevent states from punishing defendants who engage in behavior which the state has an interest in preventing; it does not prohibit penalizing conduct).

## C. Causation Issue.

¶ 15. Gardner also asserts that it was improper for the legislature to enact the statute without requiring the State to prove a causal connection between the controlled substance in the blood and the injury. In other words, Gardner contends the statute should have a third element requiring the State to prove that the controlled substance caused him to be in an intoxicated condition, thus contributing to impaired driving, resulting in injury. He posits that some drugs stay in one's system long after their effect wears off.

¶ 16. Gardner is correct that the legislature did not include, within the commission of this crime, the requirement that the State prove that the defendant's ingestion of a controlled substance caused the injury. Rather, the legislature criminalized a specific act— driving with any amount of a restricted controlled substance in one's blood, where the driving causes great bodily injury to another human being. Thus, the only causal connection required is that the operation of the vehicle caused the injury. "The task of defining criminal conduct is entirely within the legislative domain and, within constitutional limitations, the legislature pos-

sesses the inherent power to prohibit and punish any act as a crime." *State v. Wolske*, 143 Wis. 2d 175, 187, 420 N.W.2d 60 (Ct. App. 1988) (citations omitted). Our role is not to assess whether the legislature should have required intoxication or a causal link between the drug use and the injury as elements of the offense. This court's job is to assess whether the legislative enactment as written violates any constitutional provisions. We have already concluded that the language of the statute does not create any presumptions, and that the statute did not create a "status offense." We will also conclude subsequently in this opinion, that sub. (2)(a) of the statute does not unconstitutionally· shift the State's burden of proof to the defendant, but rather sets forth an affirmative defense.

¶ 17. Thus, that leaves us with the question of whether the legislature's enactment, without requiring a causal link between drug use and the injury as an element of the crime, in some way exceeds its authority. We cannot reach such a conclusion. First, Gardner fails to provide any authority to suggest that the legislature violated its authority in writing WIS. STAT. § 940.25(1)(am) & (2)(a). Second, this court recently held constitutional WIS. STAT. § 346.63(1)(am) ("No person may drive or operate a motor vehicle while: . . . The person has a detectable amount of a restricted controlled substance in his or her blood."). *See State v. Smet*, 2005 WI App 263, ¶ 1, 288 Wis. 2d 525, 709 N.W.2d 474. In *Smet*, the defendant argued that the statute was unconstitutional because it required only proof of "a detectable amount" of a banned substance and did not require proof of impairment. *Id.*, ¶ 6. He argued that this represented "an unconstitutional overstep by the legislature in the exercise of its police power" and violated "his rights to due process and

fundamental fairness." *Id.* We rejected Smet's argument, holding that: "The police power is the inherent power of the government to promote the general welfare, and covers all matters having a reasonable relation to the protection of the public health, safety and general welfare." *Id.*, ¶ 7. We concluded that the statute did not violate due process and that there was a reasonable and rational basis for prohibiting the use of a banned substance while driving. *Id.*, ¶¶ 7–20. In so ruling, we held that "the legislature reasonably and rationally could have determined that, as a class, those who drive with unprescribed illegal chemicals in their blood represent a threat to public safety." *Id.*, ¶ 16.

¶ 18. Third, our supreme court addressed a similar issue in *State v. Caibaiosai*, 122 Wis. 2d 587, 594, 363 N.W.2d 574 (1985). In that case, the court discussed the causation element of the offense proscribed in Wis. Stat. § 940.09(1)(a), homicide by intoxicated use of a vehicle, which requires only a causal connection between the operation of a vehicle and the resulting injury. The homicide statute does not "include as an element of the crime a direct causal connection between the fact of defendant's intoxication . . . and the victim's death . . . . [P]roof of [the offense] need not require causal connection between the defendant's intoxication and the death." *Caibaiosai*, 122 Wis. 2d at 594.

¶ 19. The court engaged in a lengthy analysis regarding the legislature enacting certain crimes which do not require a direct causal link between intoxication and injury. *Id.* at 593–95. In sum, the court concluded that: "The people of this state through their legislature have determined in sec. 940.09 (1) (a) that the operation of a motor vehicle by one who is under the influence of intoxicants is a risk that will not be tolerated." *Id.* at 595. The same can be said for Wis.

STAT. § 940.25(1)(am)—the people of this state, through their legislature, have determined that the operation of a vehicle by one who has a detectable amount of a restricted controlled substance in his or her blood is a risk that will not be tolerated. Section 940.25(1)(am) represents the legislature's decision to set a zero tolerance level for driving after using illegal drugs and, as a result, imposes a penalty when someone disregards the rules of the road when his or her driving causes great bodily harm to another human being.

¶ 20. Fourth, cases across the country challenging this same issue are repeatedly resolved in favor of upholding the legislative action. *See, e.g., State v. Phillips*, 873 P.2d 706, 710 (Ariz. Ct. App. 1994) ("We believe that the legislature was reasonable in determining that there is no level of illicit drug use which can be acceptably combined with driving a vehicle; the established potential for lethal consequences is too great."); *Love v. State*, 517 S.E.2d 53, 56 (Ga. 1999); *People v. Fate*, 636 N.E.2d 549, 551 (Ill. 1994) (statute's prohibition of driving a motor vehicle with any amount of a controlled substance, without regard to physical impairment, is reasonable exercise of police power to keep roadways safe); *Shepler v. State*, 758 N.E.2d 966, 970 (Ind. Ct. App. 2001); *Loder v. Iowa DOT*, 622 N.W.2d 513, 516 (Iowa Ct. App. 2000). We join those jurisdictions in concluding that our legislature acted reasonably when it created an offense prohibiting operation of a vehicle with any amount of a controlled substance in one's system. We hold that the legislature's failure to require the State to prove a direct causal link between the presence of a restricted controlled substance and the resulting injury is not fatal to the legality of the statute.

> Given the vast number of contraband drugs, the difficulties in measuring the concentration of these drugs with precision from blood and urine samples and, finally, the variation in impairment from drug to drug and from person to person, we believe that the statute constitutes a reasonable exercise of the police power of the State in the interest of safe streets and highways.

*Fate*, 636 N.E.2d at 551.

¶ 21. With the enactment of this statute, the legislature is sending a clear message: do not do illegal drugs and drive, because if you do and the operation of your motor vehicle causes injury, you can be held criminally responsible. Based on the foregoing, we reject Gardner's contention that the statute is unreasonable because it fails to require proof that the drugs cause physical impairment which, in turn, causes the injury.

### D. Affirmative Defense.

¶ 22. Finally, we address Gardner's contention that WIS. STAT. § 940.25(2)(a), creating a defense to the crime, improperly transfers the burden of proof from the State to the defendant. We reject his contention.

¶ 23. The legislature, in enacting this statute, provided a defendant with a true affirmative defense in WIS. STAT. § 940.25(2)(a), which permits a defendant to show that the presence of the illegal drug was not the cause of the accident—that the injury would have occurred even if he or she had not used illegal drugs and driven. The affirmative defense provided for in the statute constitutes an absolute defense to the criminal act. "Due process does not prohibit the state from placing the burden of proving an affirmative defense on

the defendant." *State v. McGee*, 2005 WI App 97, ¶ 16, 281 Wis. 2d 756, 698 N.W.2d 850.

¶ 24. Accordingly, the affirmative defense here does not shift to Gardner the burden to prove that he is innocent. Rather, it requires him to prove that despite the fact that the State has satisfied the elements of the offense, Gardner cannot be held legally responsible under the statute. Based on the foregoing, we conclude that Gardner has failed to prove that the statute involved here is unconstitutional. The statute does not create presumptions of guilt, and does not shift any burden of proving innocence to Gardner. Thus, the challenged statute does not violate due process.

## CONCLUSION

¶ 25. In sum, we conclude that WIS. STAT. § 940.25(1)(am) & (2)(a) do not violate Gardner's constitutional rights. The statutes do not violate due process, the Eight Amendment, or create a "status offense." Accordingly, we reject his attack on the statutes and affirm the judgment.

*By the Court.*—Judgment affirmed.